OKLAHOMA ᴇᴛ ᴀʟ. *v.* NEW MEXICO

No. 109, Orig.   Decided June 17, 1991—Judgment and decree entered
December 13, 1993

The joint motion for entry of stipulated judgment and decree, as modified, is granted.

## STIPULATED JUDGMENT, AS MODIFIED

1. New Mexico has been in violation of Article IV(b) of the Canadian River Compact from 1987 to date.

2. Pursuant to Paragraph 8 of the Decree entered in this case, New Mexico shall release from Ute Reservoir in 1993 sufficient water to result in an aggregate of not more than 200,000 acre-feet of conservation storage below Conchas Dam in New Mexico, including conservation storage in the other reservoirs subject to the limitation under Article IV(b) of the Canadian River Compact.   The release of water from Ute Reservoir will be coordinated with Oklahoma and Texas and will be at the call of Texas.

3. New Mexico shall also release from Ute Reservoir an additional 25,000 acre-feet of storage below the Article IV(b) limitation.   New Mexico shall operate Ute Reservoir through the year 2002 at or below the elevations set forth in the schedule below and in accordance with the provisions of Paragraph 8 of the Decree entered in this case.   The schedule includes annual adjustments for sediment accumulation in Ute Reservoir and assumes the other reservoirs subject to the Article IV(b) limitation maintain storage at their total capacity of 6,760 acre-feet.   The schedule shall be adjusted by the parties to reflect additional  amounts of water in conservation storage in any reservoir enlarged or constructed

after 1992. Releases of water from Ute Reservoir will be coordinated with Oklahoma and Texas and will be at the call of Texas.

## Ute Reservoir Operating Schedule

|  | Year | Authorized Elevation | Reduced Storage Amount | Corresponding Reduced Elevation |
|---|---|---|---|---|
| After release in | 1993 | 3781.58 | 25,000 | 3777.86 |
|  | 1994 | 3781.66 | 25,000 | 3777.95 |
|  | 1995 | 3781.74 | 25,000 | 3778.04 |
|  | 1996 | 3781.83 | 25,000 | 3778.14 |
|  | 1997 | 3781.91 | 25,000 | 3778.23 |
|  | 1998 | 3781.99 | 20,000 | 3779.08 |
|  | 1999 | 3782.08 | 15,000 | 3779.91 |
|  | 2000 | 3782.16 | 6,250 | 3781.28 |
|  | 2001 | 3782.24 | 3,125 | 3781.80 |
| Refilled in | 2002 | 3782.32 | -0- | 3782.32 |

4. Within 75 days after entry of judgment New Mexico shall pay as attorney's fees $200,000 to Texas and $200,000 to Oklahoma. The parties agree that such payments do not constitute and shall not be considered as an admission, express or implicit, that New Mexico has any liability to Texas or Oklahoma for attorney's fees.

5. Oklahoma and Texas shall release New Mexico from all claims for equitable or legal relief, other than the relief embodied in the Decree of the parties, arising out of New Mexico's violation of the Canadian River Compact during the years 1987 through the date this Stipulated Judgment is entered.

6. In the event of a conflict between this Judgment and the Decree entered in this case, the provisions of the Judgment shall control.

7. The costs of this case shall be equally divided among the parties.

## DECREE, AS MODIFIED

1. Under Article IV(a) of the Canadian River Compact (Compact), New Mexico is permitted free and unrestricted use of the waters of the Canadian River and its tributaries in New Mexico above Conchas Dam, such use to be made above or at Conchas Dam, including diversions for use on the Tucumcari Project and the Bell Ranch and the on-project storage of return flow or operational waste from those two projects so long as the recaptured water does not include the mainstream or tributary flows of the Canadian River; provided that transfers of water rights from above Conchas Dam to locations below Conchas Dam shall be subject to the conservation storage limitation of Compact Article IV(b). Nothing in this paragraph shall be deemed to determine whether or not the place of use of water rights may be transferred to locations outside the Canadian River basin in New Mexico.

2. Under Compact Article IV(b), New Mexico is limited to storage of no more than 200,000 acre-feet of the waters of the Canadian River and its tributaries, regardless of point of origin, at any time in reservoirs in the Canadian River basin in New Mexico below Conchas Dam for any beneficial use, exclusive of water stored for the exempt purposes specified in Compact Article II(d) and on-project storage of irrigation return flows or operational waste on the Tucumcari Project and Bell Ranch as provided for in Paragraph 1 of this Decree.

3. Quantities of water stored primarily for flood protection, power generation, or sediment control are not chargeable as conservation storage under the Compact even though incidental use is made of such waters for recreation, fish and wildlife, or other beneficial uses not expressly mentioned in the Compact. In situations where storage may be for multiple purposes, including both conservation storage and exempt storage, nothing in this Decree shall preclude the Canadian River Commission (Commission) from exempting

an appropriate portion of such storage from chargeability as conservation storage.

4. Water stored at elevations below a dam's lowest permanent outlet works is not chargeable as conservation storage under the Compact unless the primary use of that storage is for a nonexempt purpose, or unless other means, such as pumps, are utilized to discharge such storage volumes from the reservoir. No change in the location of a dam's lowest permanent outlet works to a higher elevation shall provide the basis for a claim of exempt status for all water stored below the relocated outlet works without prior approval of the Commission, which shall not be unreasonably withheld. Water stored for nonexempt purposes behind a dam with capacity in excess of 100 acre-feet and with no outlet works is chargeable as conservation storage.

5. Future designation or redesignation of storage volumes for flood control, power production, or sediment control purposes must receive prior Commission approval to be exempt from chargeability as conservation storage, which approval shall not be unreasonably withheld.

6. All water stored in Ute Reservoir above elevation 3,725 feet is conservation storage; provided that at such time as the authorization and funding of the Eastern New Mexico Water Supply Project or other project results in changed circumstances at Ute Reservoir, New Mexico may seek exemption of a reasonable portion of such water from the Commission under Paragraph 5 of this Decree and, if an exemption is denied, may petition the Court for appropriate relief under Paragraph 11 of this Decree.

7. In 1988 there were 63 small reservoirs in New Mexico with capacities of 100 acre-feet or less with a total capacity of about 1,000 acre-feet, which the Commission has treated as *de minimis* by waiving storage volume reporting obligations. Water stored in these reservoirs or in similarly sized reservoirs in the future is not chargeable as conservation storage, unless otherwise determined by the Commission.

8. Based on the elevation-capacity relationship of Ute Reservoir effective January 1, 1993, and adjustments pursuant to Paragraph 9 of this Decree, New Mexico shall make and maintain appropriate releases of water from Ute Reservoir or other conservation storage facilities in excess of 100 acrefeet of capacity at the maximum rate consistent with safe operation of such reservoirs so that total conservation storage in the Canadian River basin below Conchas Dam in New Mexico is limited to no more than 200,000 acre-feet at any time; provided that operation of Ute Reservoir for the period 1993–2002 shall be pursuant to the schedule contained in the Judgment entered in this case; and provided that no violation of this paragraph will occur during any period in which the outlet works of Ute Reservoir are discharging water at the maximum safe discharge capacity (currently 350 cubic feet per second) following the first knowledge that the 1993–2002 schedule or the Article IV(b) limitation after 2002 probably would be exceeded; and provided further that Texas shall be notified by New Mexico prior to a release and may allow New Mexico to retain water in conservation storage in excess of the 1993–2002 schedule or the Article IV(b) limitation after 2002, subject to the call of Texas and subject to the provisions of Article V of the Compact. The outlet works of Ute Reservoir shall be maintained in good working order and shall not be modified to reduce the safe discharge capacity without prior approval of the Commission, which shall not be unreasonably withheld.

9. Sediment surveys of Ute Reservoir shall be conducted at least every 10 years by New Mexico, unless such requirement is waived by the Commission. Conservation storage in Ute Reservoir shall be determined from the most recent sediment survey and an annual estimate of the total additional sediment deposition in the reservoir using an annual average of sediment accumulation during the period between 1963 and the most recently completed survey.

10. Nothing in this Decree is intended to affect a State's rights or obligations under the Compact, except as specifically addressed herein.

11. The Court retains jurisdiction of this suit for the purposes of any order, direction, or modification of this Decree, or any supplementary decree, that may at any time be deemed proper in relation to the subject matter in controversy; provided, that any party requesting the Court to exercise its jurisdiction under this paragraph or answering such request shall certify that it has attempted to negotiate in good faith with the other parties in an effort to resolve the dispute sought to be brought before the Court.