**Ex parte Karlton J. KOPECKY.**

**No. 71125.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 8, 1992.

---

Nathaniel G. Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., and James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is a post-conviction application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P.

On February 15, 1990, applicant pled guilty to and was convicted of, *inter alia,* the offenses of aggravated possession of phenylacetone, a Penalty Group 2 substance, V.T.C.A. Health and Safety Code, § 481.116(d)(1), and possession of phenylacetone without tax payment certificate, V.T.C.A. Tax Code, § 159.201. Sentence was assessed at twelve and ten years, respectively, to run concurrently. Applicant was also assessed a fine of $69,400.00 in the possession without payment of tax conviction. See § 159.201(b), supra. Applicant now assails his conviction and sentence for failure to pay the tax, alleging he has been twice punished for the same offense, in violation of the Fifth Amendment double jeopardy clause. We filed and set this cause to decide whether applicant may constitutionally be punished for both offenses consistent with *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).[1]

The Fifth Amendment double jeopardy clause protects against multiple prosecutions for the "same offense" following acquittal or conviction. It also protects against multiple punishments for the "same offense." See, e.g., *Ex parte Herron,* 790 S.W.2d 623, at 624 (Tex.Cr.App. 1990). The constitutional meaning of "same offense" "may vary" depending upon which of these protections is at issue. See *Whalen v. United States,* 445 U.S. 684, at 700, 100 S.Ct. 1432, at 1442, 63 L.Ed.2d 715, at 729 (1980) (Rehnquist, J., dissenting). At any rate, applicant here pled guilty to both offenses in a single proceeding. We therefore are not concerned with issues of multiple prosecution for the "same offense."

*Missouri v. Hunter,* supra, held that insofar as it applies to multiple punishments in a single prosecution, the Fifth

---

1. This application was originally filed and set for submission on September 19, 1990. On November 28, 1990, 798 S.W.2d 801, the cause was remanded to the habeas court to determine whether the phenylacetone applicant pled guilty to possessing in an aggravated amount is the same as that he pled guilty to possessing without paying the requisite tax. The parties have now stipulated that the same phenylacetone is involved in each conviction, and thus we proceed to the merits of applicant's double jeopardy contention.

Amendment double jeopardy clause does not impose a limitation upon the legislative prerogative to "prescribe the scope of punishment." 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 544. The Missouri Supreme Court had concluded that imposition of cumulative sentences under two statutory provisions that it construed to define the "same offense" under the test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), was jeopardy barred, notwithstanding express legislative authorization of multiple punishment. The United States Supreme Court reversed. The Court held that in the multiple punishment context, the *Blockburger* test is no more than a rule of statutory construction, useful in discerning the legislative intent as to scope of punishment where that intent is not otherwise manifested. The *Blockburger* test does not operate, however, to trump "clearly expressed legislative intent." 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 544. Because the Missouri Legislature "made its intent crystal clear" that multiple punishment be imposed where prosecution is had under both statutes, *id.*, and because "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended," 459 U.S. at 366, 103 S.Ct. at 678, 74 L.Ed.2d at 542, the Court held that the cumulative sentences at issue in *Hunter* did not violate the Fifth Amendment. The touchstone is legislative intent. See *United States v. Woodward*, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985); *Ex parte Herron*, supra.

The question before us, then, is whether the Legislature intended that an accused in applicant's position be punished for both aggravated possession of phenylacetone and separately for possession of phenylacetone without payment of the required tax. We hold that the Legislature did in fact so intend. Accordingly, we will deny relief.

Chapter 159 of the Tax Code, entitled "Controlled Substances Tax," was added by Acts 1989, 71st Leg., ch. 1152, § 1, eff. Sept. 1, 1989. In general, Chapter 159 provides for a tax upon "taxable substances," § 159.101, and the issuance by the comptroller of a certificate, to be affixed to the "taxable substance," which constitutes prima facie evidence that the tax has been paid, §§ 159.003 & 159.102. Subchapter A of Chapter 159 defines "taxable substance" to include, *inter alia*, a "controlled substance" as that term is defined in the Controlled Substances Act. The Controlled Substances Act in turn defines a "controlled substance" as a "substance ... listed in Schedules I through V or Penalty Groups 1 through 4." V.T.C.A. Health and Safety Code § 481.002(4). Because phenylacetone is listed in Penalty Group 2, V.T.C.A. Health and Safety Code, § 481.103(a)(2), it is indeed a "controlled substance" within the meaning of Chapter 159 of the Tax Code. Subchapter C of Chapter 159 contains a penal provision outlawing possession of a "taxable substance" for which the requisite tax has not been paid. Thus, in relevant part § 159.201 reads:

"(a) A dealer commits an offense if the dealer possesses a taxable substance on which the tax imposed by this chapter has not been paid.

(b) An offense under this section is a felony of the third degree. In addition to the fine provided by law for a felony of the third degree, a person convicted of an offense under this section shall be fined an amount equal to the amount of tax due and unpaid on the taxable substance that is the subject of the offense." [2]

Applicant pled guilty to possession of "not more than 347 grams" of phenylacetone for which the tax was not paid. Under § 159.-101, the tax for all taxable substances except those "consisting of or containing marihuana" are taxable at the rate of $200 for each gram. Hence the $69,400 fine levied pursuant to § 159.201(b).

---

**2.** Simple possession of a "taxable substance" is sufficient to qualify one as a "dealer" under § 159.001(3).

Applicant was separately indicted for, but pled guilty at the same time to possession of phenylacetone, a Penalty Group 2 substance under the Controlled Substances Act, § 481.103(a)(2), supra, in an amount over 28 grams, an aggravated offense. V.T.C.A. Health and Safety Code, § 481.-116(c). Aggravated possession of a Penalty Group 2 substance, under § 481.116(c), constitutes a separate and distinct offense from that of possession of a Penalty Group 2 substance in an amount less than 28 grams, under § 481.116(a). Cf. *State v. Engelking & Sloan*, 817 S.W.2d 64 (Tex.Cr. App.1991) (simple possession of a Penalty Group 1 substance under current V.T.C.A. Health and Safety Code, § 481.115(a), is an offense separate from aggravated possession of a Penalty Group 1 substance under § 481.115(c)). See also *Wilson v. State*, 772 S.W.2d 118 (Tex.Cr.App.1989).

In our view Chapter 159 of the Tax Code contains a clear expression of legislative intent that those who possess a controlled substance and who fail to pay the tax thereon be punished separately for each transgression. § 159.004 provides:

"Nothing in this chapter provides a defense or affirmative defense to, exception to, or immunity from prosecution under the penal laws of this state relating to controlled substances, counterfeit substances, simulated controlled substances, or marihuana."

Clearly the main thrust of this provision is to make manifest that compliance with the tax requirements under Chapter 159 does not insulate one in possession of a controlled substance from prosecution or conviction under the Controlled Substances Act. But the provision accomplishes more than this. Section 159.201 of "this chapter" authorizes conviction and punishment for failure to comply with the tax requirements. Because "[n]othing in this chapter" insulates one from prosecution under "the penal laws of this state relating to controlled substances," and because "this chapter" contains its own penal provision in § 159.201, we construe § 159.004 to mean that prosecution under § 159.201 was not intended to bar additional prosecution and

conviction under the Controlled Substances Act. Having authorized additional conviction under the Controlled Substances Act, surely the Legislature also intended that additional punishment could be imposed. A conviction is meaningless without a *judgment* of conviction under Article 42.01, V.A.C.C.P. Punishment and sentence are incorporated in the judgment. See *id.*, §§ 8–10, 15; Article 42.02, V.A.C.C.P. Thus, as is true in federal court, "sentence is a necessary component of a 'judgment of conviction.'" *Ball v. United States*, 470 U.S. 856, at 862, 105 S.Ct. 1668, at 1672, 84 L.Ed.2d 740, at 746 (1985). Like Congress, our Legislature "does not create criminal offenses having no sentencing component." *Id.*, 470 U.S. at 861, 105 S.Ct. at 1672, 84 L.Ed.2d at 746. In expressly authorizing conviction under the Controlled Substances Act, notwithstanding conviction under the penal provision in § 159.201 of the Tax Code, the Legislature can only have intended to authorize additional punishment as well.

Moreover, application of the *Blockburger* test indicates that aggravated possession of phenylacetone is not the "same offense" for purposes of multiple punishment as possession of phenylacetone without payment of tax, for "each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. § 481.116(c) of the Controlled Substances Act requires proof of possession of an amount of 28 grams or more. § 159.201 of the Tax Code does not. However, § 159.201 does require proof that the tax imposed by § 159.101 has not been paid. Prosecution under § 481.116(c) requires no such proof. The two provisions do not constitute the "same offense." Therefore, even if the effect of § 159.004 of authorizing conviction for both the possessory offense and the tax offense is purely serendipitous, it is nevertheless in keeping with the presumptive intent of the Legislature under a *Blockburger* analysis, *viz:* that because aggravated possession of phenylacetone and possession of phenylacetone without payment of tax do not constitute

the "same offense," an accused may be punished under both provisions in a single proceeding.

Accordingly, the Fifth Amendment double jeopardy clause does not bar applicant's sentence for possession without payment of tax assessed in the same proceeding as his conviction and sentence for aggravated possession. We express no opinion, of course, as to whether applicant could have been convicted and sentenced in a subsequent prosecution. That question is not before us.

The requested relief is denied.

WHITE, J., not participating.