Maria DE LA GARZA, aka Maria Louisa
Herrera, aka Maria Luisa Garza, aka
Mary Lou Herrera, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00076–CR.

Court of Appeals of Texas,
San Antonio.

March 29, 1995.

Daniel E. Ramirez, Laredo, for appellant.

Maria Guevara Capello, Asst. Dist. Atty., Laredo, for appellee.

Before CHAPA, C.J., and HARDBERGER and PEEPLES,[1] JJ.

HARDBERGER, Justice.

Appellant, Maria de la Garza, and Jose Rodriguez Serna were indicted together for possession of marijuana and violation of the Texas Controlled Substances Tax Act. Appellant's case was severed from her co-defendant's and she was convicted by a jury of both offenses. The jury assessed punish-

1. Justice David Peeples not participating.

ment at ten (10) years and a Five Thousand ($5,000) dollar fine for possession of marijuana and a Five Thousand ($5,000) dollar fine for violating the Controlled Substances Tax Act. Appellant now appeals from that conviction.

## Double Jeopardy

■ In her first point of error, appellant complains that her conviction of both possession of marijuana and violation of the Controlled Substances Tax Act violates the Fifth Amendment's double jeopardy clause. Appellant argues that this case is controlled by the United States Supreme Court's decision in *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

■ It is undisputed that the punishments for possession of marijuana and violation of the Controlled Substances Tax Act were assessed in the same proceeding. Where the legislature specifically authorizes cumulative punishment under two statutes, the double jeopardy clause does not prohibit a prosecutor from seeking and the trial court from imposing cumulative punishment under those statutes in the same trial. *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 544 (1983). In *Kurth Ranch,* the Supreme Court held that a defendant convicted and punished for an offense may not have a nonremedial civil penalty imposed against him for the same offense in a separate proceeding. The Supreme Court then made the following statement:

"Montana no doubt could collect its tax on the possession of marijuana, for example, if it had not previously punished the taxpayer for the same offense, or, indeed, if it had assessed the tax in the same proceeding that resulted in his conviction. *Missouri v. Hunter,* 459 U.S. 359, 368–369, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983);"

*Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1945. This case is factually and procedurally distinguishable from *Kurth Ranch.*

The Texas Court of Criminal Appeals has addressed the issue appellant raises in this

appeal. *Ex Parte Kopecky,* 821 S.W.2d 957 (Tex.Crim.App.1992). In *Kopecky,* the court held that "Chapter 159 of the Tax Code contains a clear expression of legislative intent that those who possess a controlled substance and who fail to pay the tax thereon be punished separately for each transgression." *Id.* at 960. The Court of Criminal Appeals went on to hold that "the Fifth Amendment double jeopardy clause does not bar applicant's sentence for possession without payment of tax assessed in the same proceeding as his conviction and sentence for aggravated possession." *Id.* at 961. Likewise, in this case the double jeopardy clause does not bar appellant's sentence for possession of a controlled substance without payment of the tax and her sentence for possession of marijuana because they were imposed in the same proceeding. *See Lopez v. State,* 837 S.W.2d 863, 867 (Tex.App.—Houston [1st Dist.] 1992). Appellant's first point of error is overruled.

### Discovery

■ In her second point of error, appellant argues that the trial court erred in denying her motion to discover the names of all suspects who were interrogated and/or arrested in conjunction with the investigation of this case.

Appellant filed and urged a motion for discovery seeking the names of all persons who were apprehended on the date and approximately the same time and place that she was apprehended. The State responded that it had already provided appellant with notice of this request through the indictment which listed co-defendant, Jose Rodriguez Serna. However, appellant argued that in addition to the co-defendant, several illegal aliens had been apprehended within the same vicinity of her arrest and she requested that the State produce the names of those individuals.

The State responded that the only evidence in its possession consisted of one I-44 United State's Border Patrol Report of Apprehension or Seizure and one Offense Report prepared by the Webb County Sheriff's Department which described the circumstances of the offense and the arrest which followed. Both reports listed appellant and her co-defendant as the only suspects in connection with the arrest. The State further added that it did not have in its possession any information or any reports containing the information appellant was requesting.

Appellant has failed to show that the information which she requested was in the possession of the State. Therefore, she cannot complain on appeal that she was denied discovery. *Brem v. State,* 571 S.W.2d 314, 321 (Tex.Crim.App.1978); *Hoffman v. State,* 514 S.W.2d 248 (Tex.Crim.App.1974). We overrule appellant's second point of error.

### Right to Cross–Examine

■ Appellant argues in the third point of error that the trial court erred in granting the State's Motion in Limine denying appellant the right to cross examine State's witnesses which violated appellant's sixth amendment right to confront the witnesses against her and fourteenth amendment guarantee of due process.

Outside the jury's presence, a State's witness testified that three illegal aliens were apprehended fifteen minutes after appellant was arrested and within 150 yards of where appellant and the contraband were found. Appellant argues that this testimony was crucial to her case because she had not been positively identified as the person under surveillance and the contraband was found hidden and not in her possession.

■ Admissibility of evidence is left to the trial court's discretion. Tex.R.Crim. Evid. 104; *Jackson v. State,* 575 S.W.2d 567, 570 (Tex.Crim.App. [Panel Op.] 1979). When the court excludes testimony offered by a criminal defendant, it is appellant's burden to show that the trial court abused its discretion. *Johnson v. State,* 698 S.W.2d 154, 160 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). We hold that the trial court did not abuse its discretion in refusing to admit evidence of the unrelated seizure of illegal aliens on the night appellant was arrested. We overrule appellant's third point of error.

### Sufficiency of the Evidence

■ Appellant argues in point of error four that the evidence was insufficient to

support her conviction for possession of marijuana because the State failed to show that she had actual care, custody, control or management of the marijuana. Particularly, appellant alleges that the State failed to prove any affirmative links between the contraband and the appellant.

 The elements the State must prove to support a conviction for unlawful possession of a controlled substance are (1) that the defendant exercised care, control, and management over the substance; and (2) that he knew that what he possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Humason v. State*, 728 S.W.2d 363, 364–65 (Tex.Crim.App. 1987); *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985). These elements may be proved by circumstantial evidence. *McGoldrick v. State*, 682 S.W.2d at 578; *Sewell v. State*, 578 S.W.2d 131, 135 (Tex.Crim. App.1979). It is not, however, sufficient to show that the defendant was merely present in the vicinity of a controlled substance. *Humason v. State*, 728 S.W.2d at 365. The State must also provide evidence of affirmative links between the defendant and the substance. *Id.* at 365–66.

 When the defendant was not in exclusive possession of the place where the contraband was found, it is necessary to prove "additional independent facts and circumstances which affirmatively link the accused to the contraband." *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981). Circumstances that may link an accused to contraband include: (1) presence when the search was executed; (2) contraband in plain view; (3) proximity to and the accessibility of the contraband; (4) accused under influence of the contraband; (5) accused's possession of other contraband when arrested; (6) accused's incriminating statements when arrested; (7) attempted flight; (8) furtive gestures; (9) odor of the contraband; (10) presence of other contraband or drug paraphernalia not included in the charge; (11) accused's ownership or right of possession of the place where the controlled substance was found; (12) drugs found in an enclosed place. *Hernandez v. State*, 867 S.W.2d 900, 904 (Tex.App.—Texarkana 1993); *Chavez v.*

*State*, 769 S.W.2d 284, 288–89 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd). The issue in this case is whether the additional facts and circumstances affirmatively link appellant to the marijuana discovered in the duffle bag.

The evidence shows that the Border Patrol was informed by a confidential informant that a man and a woman were going to carry marijuana around the west side of the checkpoint located on Interstate Highway 35. The Border Patrol initiated a surveillance of the area in question with an infrared camera. While scanning the area with the scope truck, they saw two persons coming over a hill on the west side carrying a bundle between them. The subjects came over the hill and went into a culvert from the west side of the freeway. The appellant and her co-defendant were then arrested by the Border Patrol. Appellant attempted to get away even after she was ordered to stop by the officers.

There was evidence that a canine began sniffing the area where appellant was arrested and they discovered the co-defendant lying next to a tree. The canine also sniffed a black duffle bag spotted next to where the appellant and her co-defendant had been apprehended. The duffle bag contained 46 lbs. of marijuana. The evidence was that the appellant gave the arresting officer a false name, address, and nationality and claimed that they were illegal aliens from Mexico.

The evidence showed appellant's proximity and access to the marijuana. Furthermore, there was evidence that a subject, which the witness believed to be appellant was seen exercising control and management over a bag immediately prior to arrest and no other bag was found in the vicinity. Appellant also tried to escape upon being arrested and then gave false information about her identity at the time of the arrest. When considered together, those independent facts link appellant to the contraband. We find sufficient evidence to support the verdict. We overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.