The STATE of Texas, Appellant,

v.

Michael PEREZ, Appellee.

No. 04–94–00476–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 9, 1995.

Discretionary Review Granted
Nov. 15, 1995.

Joanne M. Eakle, San Antonio, for Appellant.

Terry Breen, Assistant District Attorney, 81st Judicial District, Jourdanton, for Appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

OPINION

RICKHOFF, Justice.

This appeal questions whether the double jeopardy clause prohibits the State from prosecuting under the Texas Controlled Substances Tax Act after prosecuting under the Texas Controlled Substances Act. Appellee, Michael Perez, pled guilty to possession of marijuana and received ten years deferred adjudication. The trial court subsequently dismissed appellee's indictment for possession of marijuana in violation of the tax act. In three points of error, the State contends the trial court erred in applying the double jeopardy clause to the dismissed indictment. We reverse and remand.

**Procedural History**

In two indictments issued the same day, appellee was charged with possession of marijuana in an amount more than five pounds but less than fifty pounds (the possession case) and with possession of marijuana on which no tax had been paid as required by the tax statute (the tax case). The causes were consolidated for trial.

On the day of trial, appellee pled guilty to the possession charge, and the trial court assessed punishment at ten years deferred adjudication. Appellee then moved to quash or dismiss the indictment in the tax case because the tax statute violated the double jeopardy clauses of the U.S. and Texas constitutions. The trial court granted the motion to dismiss the indictment, and the State appeals pursuant to TEX.CODE CRIM.PROC. ANN. art. 44.01(a)(1) (Vernon Supp.1995).

### Arguments on Appeal

■ In three points of error, the State contends the Fifth Amendment is not offended because (1) the tax is a civil rather than criminal penalty; (2) even if the tax is punitive, there is no evidence that appellee paid the tax; and (3) possession of marijuana is not the same offense as possession of marijuana in violation of the tax act. The State relies solely on the federal double jeopardy clause, but we note the conceptual similarity between the federal and state provisions. *See Stephens v. State*, 806 S.W.2d 812, 815 (Tex.Crim.App.1990), *cert. denied*, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991) (comparing U.S. CONST. amend. V with TEX. CONST. art. I, § 14). *See also State v. Toone*, 872 S.W.2d 750, 751 n. 4 (Tex.Crim.App.1994) (finding state constitutional arguments waived if not argued separately from federal constitutional grounds). In reviewing the State's points of error, we will not disturb the trial court's ruling on the motion to dismiss or quash the indictment absent an abuse of discretion. *See State v. Hernandez*, 830 S.W.2d 631, 635 (Tex.App.—San Antonio 1992, no pet.); *State v. Pierce*, 816 S.W.2d 824, 830 (Tex.App.—Austin 1991, no pet.).

### 1. Successive Prosecutions

In its first and second points of error, the State argues that the double jeopardy clause is not implicated because the controlled substance tax is not a punishment and, even if it is, there is no evidence that the appellee paid the tax. These arguments are irrelevant because, in appellee's case, the subject conduct is not the tax assessment but the criminal prosecution permitted under the tax statute. For that reason, we find both parties' reliance on *Department of Revenue of Montana v. Kurth Ranch,* ⸺ U.S. ⸺, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), misplaced.

■ The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Ex parte Kopecky*, 821 S.W.2d 957, 958 (Tex. Crim.App.1992). In *Kurth Ranch*, the Supreme Court addressed the third protection by deciding whether a tax assessment for possession of illegal drugs following imposition of a criminal penalty violated the constitutional prohibition against successive punishments for the same offense. ⸺ U.S. ⸺ at ⸺, 114 S.Ct. 1937 at 1941. The Court concluded that the Montana tax at issue was punitive in nature and therefore subject to the double jeopardy clause. *Id.* at ⸺, 114 S.Ct. at 1948. Similarly, in *Stennett v. State*, 905 S.W.2d 612, 615 (Tex. App.—Houston [14th Dist.] 1995, n.p.h.), the court found the Texas tax to be punitive under the double jeopardy clause where a defendant was indicted for possession of marijuana and subsequently taxed for the same act.

In this case, appellee was not assessed a tax, either before or after indictment. Instead, appellee pled guilty to the possession charge, received deferred adjudication,[1] then moved to quash the indictment in the tax case. Appellee was subject to prosecution and conviction in the tax case. *See* TEX.TAX CODE ANN. § 159.201(b) (Vernon 1992) (defining possession of a taxable substance on which the tax has not been paid as an offense punishable as a third degree felony with an

---

1. Neither party argues that deferred adjudication is not a final conviction. *See* TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5(c) (Vernon Supp.1995) (stating "dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law"). We are satisfied that, for purposes of double jeopardy, it may be considered as such. *See id.* (not addressing constitutional rights).

additional fine equal to the amount of the unpaid tax). Appellee faced multiple prosecutions, not multiple punishments. Therefore, neither *Kurth Ranch* nor *Stennett* are applicable to this appeal.[2]

The State's arguments about the punitive nature of the tax or whether the appellee paid the assessment are related only to the issue of multiple punishments. *See Kurth Ranch,* —— U.S. at —— – ——, 114 S.Ct. at 1946–48 (describing the characteristics of the Montana tax that made it punitive rather than remedial). Because we are concerned with multiple prosecutions, we find the State's contentions without merit.

We overrule the State's first and second points of error.

## 2. Same Offenses

■ In its third point of error, the State argues that the tax case does not involve the same offense as the possession case. In both the multiple punishment and multiple prosecution context, the double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test. *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993) (overruling the "same-conduct" test announced in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)). The same-elements or *Blockburger* test, asks whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. *Id.* at ——, 113 S.Ct. at 2856; *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

A "person" commits the offense of marijuana possession, as defined in the Texas Controlled Substances Act (possession statute), when the person "knowingly or intentionally possesses a usable quantity of marihuana." TEX.HEALTH & SAFETY CODE ANN. § 481.121(a) (Vernon Supp.1995). The range of punishment depends on the quantity of marijuana, from "two ounces or less" to "2,000 pounds or less but more than 50 pounds." *Id.* § 481.121(b). A "dealer" commits the tax possession offense, as defined in the Texas Controlled Substances Tax Act (tax statute), when the dealer "possesses a taxable substance on which the tax imposed by this chapter has not been paid." TEX.TAX CODE ANN. § 159.201(a) (Vernon 1992).

■ In *Ex parte Kopecky,* the Court of Criminal Appeals found that aggravated possession of phenylacetone is not the same offense as possession of phenylacetone without payment of the tax because "each provision requires proof of a fact which the other does not." 821 S.W.2d at 960 (citing *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182). The court explained that the possession statute for phenylacetone requires proof of an amount, in that case twenty-eight grams or more, but the tax statute does not. *Id.* However, the tax statute requires proof that the tax had not been paid, and the possession statute does not. *Id.* Likewise, possession of marijuana does not require proof of unpaid taxes but requires proof of a usable quantity, in an amount determined by the applicable subsection of the statute (here, more than five pounds but less than fifty pounds). The tax statute does not require proof of a usable amount[3] but requires proof that the tax was not paid.

Appellee contends that *Kopecky* is not dispositive because it involves multiple punish-

---

**2.** Our decision in *De La Garza v. State,* 898 S.W.2d 376, 377 (Tex.App.—San Antonio 1995, no pet.), involving multiple punishments, is also inapplicable to this appeal. In *De La Garza,* we held that neither the double jeopardy clause nor *Kurth Ranch* prohibit the State from assessing punishment for possession of a controlled substance in the same proceeding in which it assesses punishment for possession of a controlled substance without payment of the tax. 898 S.W.2d at 377, 378.

**3.** The tax statute requires possession by a dealer. TEX.TAX CODE ANN. § 159.201(a) (Vernon 1992). "Dealer" means a person who illegally imports, manufactures, produces, acquires, or possesses (1) seven or more grams of a controlled substance, (2) fifty dosage units of a controlled substance, or (3) four or more ounces of a substance containing marijuana. *Id.* § 159.001(3) (Vernon Supp.1995). These quantities are not the equivalent of those in the possession statute. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.121(b) (Vernon Supp.1995).

ments assessed in a single proceeding and was decided before the Supreme Court decisions in *Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1937; *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1994) (discussing excessiveness of civil forfeiture proceedings); and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (discussing the punitive nature of civil penalties). Although *Kopecky* predates two of the U.S. Supreme Court decisions, it applied the same-elements test required by *Dixon,* —— U.S. at ——, 113 S.Ct. at 2860. *See Kopecky,* 821 S.W.2d at 960. In applying this test, the "same offense" phrase has an identical meaning whether the punishments or prosecutions are successive. *Dixon,* —— U.S. at ——, 113 S.Ct. at 2860.[4] We therefore find *Kopecky* controlling.

We conclude that possession under the possession statute is not the same offense as possession under the tax statute because each requires proof of an element the other does not. Thus, the double jeopardy clause does not prohibit prosecution for the two offenses. We find that the trial court abused its discretion in dismissing or quashing the appellee's indictment in the tax case.

We sustain the State's third point of error.

### Conclusion

We reverse the trial court's order sustaining appellee's motion to dismiss and remand the case for reinstatement of the indictment.

---

**4.** The collateral estoppel effect attributed to the double jeopardy clause is not at issue in this appeal. *See Dixon,* —— U.S. at ——, 113 S.Ct. at 2860 (declining application when not raised by the parties).