Affirmed and Memorandum Opinion filed September 13, 2005









Affirmed and Memorandum Opinion
filed September 13, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00267-CR

_______________

 

JAMES OTIS SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 02CR0941

_____________________________________________________

 

M E M O R A N D
U M   O P I N I O N








A jury convicted appellant, James Otis Smith, of possession
of cocaine with intent to deliver and assessed punishment at eighty years= confinement.  In seven issues, appellant contends (1) the
trial court erred by denying his motion to suppress the cocaine and other
evidence obtained as a result his arrest and invalid consent to search his
vehicle, (2) the evidence is legally and factually insufficient to
affirmatively link appellant to the cocaine, (3) the evidence is legally and
factually insufficient to establish appellant=s knowledge of the unlawful nature of
the cocaine, and (4) the evidence is legally and factually insufficient to
establish appellant was aware of the unlawful nature of the cocaine, and his
control over it, for a sufficient period of time to have been able to terminate
his control.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.

I.  Background

On April 30, 2002, Officers Todd Phillips and Robert Owens of
the Galveston Police Department, narcotics division, were conducting
surveillance at a convenience store located in an area known for drug
trafficking.[1]  The officers were positioned in an unmarked
police car across the street from the store. 
They witnessed a gold Acura Legend pull quickly into the store parking
lot and stop next to Terrance Hall, an individual known to the officers.  An exchange took place between Hall and the
front seat passenger.  Hall then walked
towards a female and made an exchange with her. 
Thereafter, Hall walked back to the Acura and handed money to the
passenger. 

After the exchange was completed, the occupants in the Acura
drove away, and the officers followed. 
While following the Acura, the officers observed that the passenger was
not wearing his seatbelt and also observed the driver fail to signal a
turn.  Officer Owens radioed for a marked
patrol car to stop the Acura. 

Before the stop was initiated, the driver of the Acura parked
the vehicle, and both occupants exited. 
The officers witnessed appellant exit the driver=s side and an individual, later
identified as Billy Moore, exit the front passenger side.  As the officers pulled up behind the Acura
and exited their unmarked vehicle, Officer Chris Force arrived in a marked
patrol car.  Officer Phillips instructed
Officer Force to place appellant under arrest for failure to signal a turn, and
appellant was handcuffed.  








After appellant was handcuffed, Officer Phillips asked to see
his driver=s license and proof of insurance.  Appellant produced his driver=s license but indicated that his
proof of insurance was in the glove compartment of the Acura.  Appellant gave Officer Phillips verbal
permission to enter the Acura to obtain his proof of insurance.  While opening the glove box, Officer Phillips
observed a beige rock, which appeared to be cocaine, on the front passenger
side floorboard.  The officers placed appellant
in a patrol car and administered Miranda warnings.  Officer Phillips then inventoried the
Acura.  In the center console, he found
one plastic bag containing twelve rocks and another bag containing two
rocks.  He also found three razor blades
in the driver=s door arm rest.   

Minh Nguyen, a chemist at the Department of Public Safety
crime lab, testified that he conducted two tests on each rock found in the
Acura, and each rock tested positive for crack cocaine.  The cocaine rocks were admitted into evidence.  

II.  Motion to Suppress

In his first issue, appellant contends that the trial court
erred by denying his motion to suppress the cocaine and other evidence obtained
as a result of his arrest and the search of the vehicle.  The State argues that appellant did not
preserve this issue for review. 

To preserve error on a claim of an illegal search or seizure,
the appellant must either obtain a ruling on a pretrial motion to suppress or
object and obtain a ruling at trial.  See
Thomas v. State, 884 S.W.2d 215, 216 (Tex. App.CEl Paso 1994, pet. ref=d). 
A trial objection must be raised at the earliest possible opportunity or
as soon as grounds for the objection become apparent.  Dinkins v. State, 894 S.W.2d 330, 355
(Tex. Crim. App. 1995); Thomas, 884 S.W.2d at 216.  An objection is not timely if it is made
after substantial testimony is given regarding the alleged illegally
seized item.  See Angelo v. State,
977 S.W.2d 169, 177 (Tex. App.CAustin 1998, pet. ref=d); Turner v. State, 642
S.W.2d 216, 217 (Tex. App.CHouston [14th Dist.] 1982, no pet.). 








Here, appellant filed several pre-trial motions to suppress
the evidence obtained as a result of his arrest and the search of his
vehicle.  A pre-trial suppression hearing
was held.  However, the suppression
hearing was not completed and was never rescheduled.[2]  Thus, appellant failed to obtain a pre-trial
ruling on his motions.

Having failed to obtain a pre-trial ruling, it was incumbent
on appellant to timely object during trial. 
See Thomas, 884 S.W.2d at 216. 
The record reflects that appellant did object when the crack cocaine
rocks were offered into evidence. 
However, by that time, Officers Phillips and Owens had given substantial
testimony regarding the beige rocks that were discovered in the Acura.[3]  Additionally, Minh Nguyen had testified
without objection that the beige rocks discovered in the Acura tested positive
for cocaine.  By failing to timely object
to this testimony, appellant failed to preserve error regarding the trial court=s admission of the crack cocaine
rocks.

The record reflects that appellant did timely object to
Officer Phillips= testimony regarding the three razor blades discovered in the
Acura and also objected when the razor blades were offered into evidence.  However, Officer Owens subsequently testified
without objection that three razor blades were discovered inside the
Acura.  It is well settled that
overruling an objection to evidence will not result in reversal when other such
evidence was received without objection, either before or after the
complained-of ruling.  Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998). 
Therefore, any error in the admission of the razor blades was rendered
harmless due to Officer Owens= unobjected-to testimony regarding the razor blades. 








We overrule appellant=s first issue.

III.  Sufficiency
of the Evidence

In his second through seventh issues, appellant contends that
the evidence is legally and factually insufficient to (1) affirmatively link
appellant to the cocaine, (2) establish appellant=s knowledge of the unlawful nature of
the cocaine, and (3) establish that appellant was aware of the unlawful nature
of the cocaine, and his control over it, for a sufficient period of time to
have the opportunity to terminate his control. 


A.        Standard of Review

When reviewing legal sufficiency
of evidence, we view the evidence in the light most favorable to the verdict
and determine if any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000).  The jury, as the
trier of fact, Ais the
sole judge of the credibility of the witnesses and of the strength of the
evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  Thus, the jury
may choose to believe or disbelieve any portion of the witnesses=
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact
resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993). 








In contrast, when reviewing
factual sufficiency of evidence, we view all the evidence in a neutral light
and inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
The evidence may be factually insufficient in two ways.  Id. 
First, when considered alone, the evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting and contrary to the
verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Id. at 484B85.

B.        Applicable Law

To support a conviction for
unlawful possession of a controlled substance, the State must prove that the
defendant (1) exercised actual control, management, or care over the substance,
and (2) knew what he possessed was contraband. 
Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App.
2005).  An offense is committed only if a
person voluntarily engages in conduct, including an act, an omission, or
possession.  Tex. Pen. Code Ann. ' 6.01(a)
(Vernon 2003).  Possession is voluntary Aif the
possessor knowingly obtains or receives the thing possessed or is aware of his
control of the thing for a sufficient time to permit him to terminate his
control.@  Id. ' 6.01(b).








When the defendant does not have
exclusive control of the place where the police recovered the contraband, it
cannot be concluded that the defendant had knowledge of, and control over, the
contraband unless there are additional facts and circumstances that
affirmatively link the defendant to the contraband.  Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981).  An affirmative link generates a reasonable
inference that the defendant knew of the contraband=s existence and exercised control
over it.  See Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Circumstances that may affirmatively link the defendant to the
contraband include, but are not limited to: (1) presence when the search was
executed; (2) contraband in plain view; (3) proximity to and accessability of
the contraband; (4) defendant under the influence of the contraband; (5)
defendant=s possession of other contraband when
arrested; (6) defendant=s incriminating statements when arrested; (7) attempted
flight; (8) furtive gestures; (9) odor of the contraband; (10) presence of
other contraband or drug paraphernalia not included in the charge; (11)
defendant=s ownership or right of possession of
the place where the controlled substance was found; and (12) drugs found in an
enclosed place.  De la Garza v. State,
898 S.W.2d 376, 379 (Tex. App.CSan Antonio 1995, no pet.). 
Because each case is fact specific, the number of factors present is not
as important as the Alogical force@ to which the factors, alone or in combination, tend to
affirmatively link the defendant to the contraband.  Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) 

C.        Analysis

In support of his legal and factual insufficiency arguments,
appellant relies on the following: (1) Officer Phillips admitted that when he
first observed what he believed to be a drug transaction between the passenger
of the Acura and a pedestrian, he could not determine whether appellant was the
driver of the Acura; (2) appellant did not say or do anything to indicate that
he knew the cocaine was present in the Acura; and (3) none of the State=s witnesses observed appellant
exercising control over the cocaine. 
Nonetheless, the evidence establishes several affirmative links that
raise reasonable inferences supporting the State=s contention that appellant had
knowledge of and control over the cocaine found in the Acura.  








Although Officer Phillips testified that he could not
determine whether appellant was the driver of the Acura during the drug
transaction, Officer Phillips was able to identify appellant as the person who
exited the driver=s seat of the Acura shortly after the drug transaction.  Thus, the jury could have reasonably inferred
that appellant was the driver of the Acura during the drug transaction.  Furthermore, shortly after the drug
transaction, the officers discovered one cocaine rock in plain view on the
front passenger floor of the Acura.  See
De la Garza, 898 S.W.2d at 379 (concluding that contraband in plain view is
a factor that affirmatively links a defendant to the contraband).  Additionally, appellant had easy access to
the crack cocaine found in the center console as well as the razor blades[4]
found in the driver=s door armrest.  See
Gilbert, 874 S.W.2d at 298 (concluding cocaine found inside truck, located
below or conveniently near where the defendant had been sitting, affirmatively
linked the defendant to cocaine); see also De la Garza, 898 S.W.2d at
379 (concluding that presence of drug paraphernalia is a factor that
affirmatively links the defendant to the contraband).

Viewing the evidence in a light most favorable to the
verdict, we conclude that a rational jury could have concluded beyond a
reasonable doubt that appellant voluntarily possessed the cocaine.  Moreover, viewing the evidence in a neutral
light, we cannot say the evidence of guilt is too weak to support a finding
beyond a reasonable doubt that appellant voluntarily possessed the cocaine or
that the contrary evidence is so strong the beyond a reasonable doubt standard
could not have been met.  Accordingly, we
hold that the evidence is legally and factually sufficient to support appellant=s conviction.  We overrule appellant=s second through seventh issues.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed September 13, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  At the time of
trial, Officer Phillips was a Texas State Trooper.





[2]  The record reflects
that appellant=s trial counsel asked several times to reschedule the
suppression hearing before trial. 
However, there is nothing in the record to show that the trial court
refused to reschedule the suppression hearing or rule on appellant=s motions.





[3]  Officers
Phillips and Owens both testified that based on their experience and training,
they believed the beige rock discovered on the floorboard of the Acura to be
cocaine.  Further, Officer Owens
testified that based on his experience and training, he believed the beige
rocks found in one of the plastic bags to be cocaine.





[4]  Officer
Phillips testified that razor blades are associated with narcotics
activities.  They are used to cut the
crack cocaine rocks into smaller pieces for sale on the street.