# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-07-00182-CR

---

**Marcus Durand Rutherford, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-06-500113, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

A jury convicted Marcus Durand Rutherford of the offenses of capital murder and injury to a child. *See* Tex. Penal Code Ann. §§ 19.03(a)(8), 22.04(a)(1) (West Supp. 2007). Punishment was assessed at life imprisonment without parole for the offense of capital murder and forty years' imprisonment for the offense of injury to a child. In his first point of error, Rutherford asserts that his convictions for both offenses constitute double jeopardy in violation of the Fifth and Fourteenth Amendments. *See* U.S. Const. amends. V, XIV. Similarly, in his second point of error, Rutherford asserts that the statute authorizing convictions under two separate provisions of the penal code is unconstitutional because it violates double jeopardy.

The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). That guarantee protects against a second prosecution for the same offense after a conviction or an

acquittal, and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). It is the latter protection that is asserted here.

The Double Jeopardy Clause does not impose a limitation on the legislative prerogative to prescribe the scope of punishment. *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Ex parte Kopecky*, 821 S.W.2d 957, 958-59 (Tex. Crim. App. 1992); *Jimenez v. State*, 240 S.W.3d 384, 417 (Tex. App.—Austin 2007, pet. ref'd); *Johnson v. State*, 208 S.W.3d 478, 510 (Tex. App.—Austin 2006, pet. ref'd). A defendant suffers multiple punishments in violation of the Fifth Amendment only when she is convicted of more offenses than the legislature intended. *Ex parte Ervin*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999); *Jimenez*, 240 S.W.3d at 417. When a legislature specifically authorizes multiple punishments under two statutes, even if those two statutes proscribe the "same" conduct, "a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 459 U.S. at 368-69; *Jimenez*, 240 S.W.3d at 417-18.

The injury-to-a-child statute provides:

> A person who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections. Section 3.04 [mandatory severance] does not apply to criminal episodes prosecuted under both this section and another section of this code. If a criminal episode is prosecuted under both this section and another section of this code and sentences are assessed for convictions under both sections, the sentences shall run concurrently.

Tex. Penal Code Ann. § 22.04(h) (West Supp. 2007).

This Court has previously held that "[t]his statute plainly authorizes multiple punishments when a defendant's conduct violates both section 22.04 and another penal code

2

section." *Johnson*, 208 S.W.3d at 511 (upholding convictions for capital murder and injury to elderly individual). We followed that holding in *Jimenez*. 240 S.W.3d at 418 (upholding convictions for felony murder and injury to child). We do so again today. We overrule Rutherford's points of error.

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   July 2, 2008

Do Not Publish