Mark **STENNETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–93–00303–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 8, 1995.

Rehearing Overruled Aug. 10, 1995.

**613**

Stanley G. Schneider, Tom D. Moran, W. Troy McKinney, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before YATES, FOWLER and JUNELL,* JJ.

### OPINION ON REMAND

WILLIAM E. JUNELL, Justice (Assigned).

Appellant was charged by indictment with the offense of possessing more than five pounds, but less than fifty pounds, of marijuana. Thereafter, the State Comptroller's Office issued a marijuana and controlled substances tax assessment of $49,070 against appellant. Appellant filed an application for writ of habeas corpus claiming the double jeopardy clause barred the prosecution for possession of marijuana based on the assessment of a tax arising from the same conduct. Following a hearing, the trial court denied appellant's requested relief.

Appellant appealed that decision to this court and the decision was affirmed. The Court of Criminal Appeals refused petition for discretionary review. Appellant filed a petition for writ of certiorari, which was granted on October 11, 1994. The United States Supreme Court vacated our judgment and remanded to this court for further consideration in light of *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.3d 767 (1994). The question we must answer is whether the Texas Controlled Substances Tax is a punish-

ment within the meaning of the Double Jeopardy clause.

Appellant argues the marijuana tax assessment constitutes double jeopardy under the *Kurth Ranch* decision. In *Kurth Ranch,* the Supreme Court for the first time subjected a tax statute to double jeopardy analysis, holding that Montana's Dangerous Drug Tax was a punishment within the contemplation of the Fifth Amendment. Like appellant, the Kurths' marijuana was confiscated and the Kurths were arrested and prosecuted. 511 U.S. at —— ——, 114 S.Ct. at 1942–43. The State of Montana then assessed a tax on the Kurths' marijuana. *Id.*

The Supreme Court analyzed the Montana scheme and found several unusual features that led the majority to conclude the Montana tax was actually a punishment for double jeopardy purposes. In reaching its conclusion, the Court acknowledged that taxes are usually motivated by revenue raising rather than punitive purposes. *Kurth Ranch,* at ——, 114 S.Ct. at 1946. Yet at some point, an exaction labeled as a tax approaches punishment. The Montana tax, however, while denominated as a tax, also has a strong deterrent purpose. The Court characterized the rate of the Montana tax applicable to marijuana as remarkably high. *Id.* The Montana tax assessed on marijuana is the greater of $100 per ounce or ten percent of market value. MONTANA CODE ANN. § 15–25–111.

In addition, other unusual features set the Montana statute apart from most taxes. First, the tax is conditioned on the commission of a crime, which is significant of penal and prohibitory intent rather than the gathering of revenue. *Kurth Ranch,* at ——, 114 S.Ct. at 1947. Second, the Court questioned the imposition of a tax based on possession when, in actuality, taxpayers were deprived of possession by the time of assessment. *Id.*

The Texas Controlled Substances Tax contains many of the same unusual features as Montana's tax. First, the Texas tax, like the Montana tax, has a high rate of taxation. The Texas tax, $98 per ounce, is almost identical to Montana's $100 per ounce tax.

* Justice Junell sitting by appointment of the Texas Supreme Court.

Second, the Texas tax is conditioned on the commission of a crime. The Texas tax is imposed on the possession, purchase, acquisition, importation, manufacture, or production by a dealer of a taxable substance on which a tax has not been previously paid. TEX.TAX CODE ANN. § 159.101(a). Dealer is defined as a "person who in violation of the law of this state imports into this state or manufactures, produces, acquires, or possesses" controlled substances. TEX.TAX CODE ANN. § 159.001(3). Further, the purchase, acquisition, importation, manufacture, or production of a taxable substance is exempt from the tax if the activity is authorized by law. TEX.TAX CODE ANN. § 159.103. Therefore, the only people subject to the Texas tax are those who, by definition, have engaged in criminal conduct.

Third, the Texas tax allows assessment after confiscation of the controlled substances on which the assessment is made. Indeed, this is precisely what occurred in this case. After law enforcement authorities arrested appellant and confiscated the marijuana, the Comptroller of Public Accounts served a tax notice on appellant. At that point, the comptroller made his assessment, notwithstanding that appellant no longer possessed the marijuana. Unlike the Montana tax, however, the Texas tax assessment may also occur prior to arrest because the obligation to pay the tax arises on delivery, possession, or manufacture, and is not necessarily related to arrest.

The State argues that the Texas tax is more fairly characterized as an excise tax as opposed to the Montana tax, which was characterized by the Supreme Court as a property tax levied on the goods themselves. An excise tax, such as a cigarette or alcohol tax, is a tax imposed on the engaging in an occupation or a tax imposed on the manufacture, sale, or consumption of a commodity. BLACK'S LAW DICTIONARY 506 (5th ed. 1979). In *Kurth Ranch*, the Supreme Court explained that while sin taxes discourage the use of a taxed product, the government continues to allow the manufacture and sale of the product, having reasoned that the benefits of increased revenue and employment from the sale and manufacture of the product

outweigh the societal costs incurred from its continued use. *Kurth Ranch*, at ——, 114 S.Ct. at 1947. These justifications vanish when the taxed activity is completely forbidden, for the legitimate revenue-raising purpose that might support a tax could be equally well served by increasing the fines imposed upon conviction. *Id.*

In addition to the above considerations, the Texas tax has several unusual features that indicate that the drug tax was intended as an additional punishment and not a revenue raising measure. First, the Texas tax dictates a close connection between the taxing and prosecuting authorities. The comptroller may not settle a tax levy absent a written request from a prosecutor in a criminal case involving the same controlled substance. TEX.TAX CODE ANN. § 159.206(a)(1). Further, any administrative proceedings to collect the tax will be postponed at the request of the prosecutor until the criminal case is concluded. TEX.TAX CODE ANN. § 159.206(b). Finally, the taxing authority's right to collect the tax is subordinate to the right of the State to forfeit and retain property pursuant to the forfeiture statutes in the Code of Criminal Procedure. TEX.TAX CODE ANN. § 159.205(b). The subordination of the tax to the state's forfeiture right was a factor also present in the Montana tax. *Kurth Ranch*, at ——, 114 S.Ct. at 1941.

A second unusual feature unique to the Texas tax is that the Texas tax subjects possession of legal substances to the drug tax if they are simulated controlled substances. TEX.TAX CODE ANN. § 159.101(b)(1). For example, if a person attempts to sell bricks of flour representing them to be bricks of cocaine, that person becomes subject to the Texas Controlled Substances Tax.

Like the Montana tax, the Texas tax is an unusual tax with elements of both taxation and punishment. It is not exactly like the Montana tax: assessment does not require arrest. The *Kurth Ranch* court, however, did not hold that a tax must contain each of the Montana tax's punishment aspects, or only the Montana tax's punishment aspects, to constitute a punishment within the meaning of the double jeopardy clause. Instead, the Court held, taken as a whole, the drug

tax is "a concoction of anomalies, too far-removed in crucial respects from a standard tax assessment to escape characterization as punishment for the purpose of Double Jeopardy analysis." *Kurth Ranch*, at ——, 114 S.Ct. at 1948. Indeed, it could hardly be otherwise since each federal and state tax on the possession of controlled substances will differ from the next, as the Texas tax differs from the Montana tax.

Given the strong similarities between the Montana tax and the Texas tax, we find the Texas tax is a punishment for double jeopardy purposes. In this case, assessment and partial collection of the tax came first and, therefore, the double jeopardy clause prevents subsequent prosecution under the Controlled Substances Act.

The judgment of the trial court is reversed and judgment is rendered that the writ of habeas corpus be granted and the indictment against appellant be dismissed.