The STATE of Texas, Appellant,

v.

Ramiro Villela ROCHA, Appellee.

No. 13-95-398-CR.

Court of Appeals of Texas,
Corpus Christi.

March 27, 1997.

Rehearing Overruled May 8, 1997.

Rene Guerra, District & County Atttorney, Theodore C. Hake, Asst. Criminal District Attorney, Edinburg, for appellant.

J.R. Bobby Flores, McAllen, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

The State appeals the dismissal of its indictment against appellee, Ramiro V. Rocha, for possession of controlled substances on the ground that it issued after a controlled substances tax was assessed against appellee by the Texas Comptroller of Public Accounts and therefore constituted double jeopardy. By three points of error, the State argues that mere notice of tax assessment is not evidence that the assessment has been paid or evidence of a former jeopardy. We affirm.

On January 19, 1994, appellee was arrested for possession of marihuana and cocaine. TEX. HEALTH & SAFETY CODE ANN. §§ 481.121 & 481.115 (Vernon Supp.1997). By notice dated February 17, 1994, the Comptroller's Office assessed a tax due against appellee in the amount of $22,759.80, in consideration of his possession of the controlled substances. TEX. TAX CODE ANN. § 159.101(a) (Vernon 1992). The indictment for possession of controlled substances was filed on June 29, 1994. On July 17, 1995, appellee filed a motion to dismiss the indictment, arguing that in assessing the tax against him the State already had sought to punish him for possession of the controlled substances, and that prosecuting him pursuant to the indictment would constitute multiple punishments by the State, which is proscribed by the double jeopardy clauses of both the United States and Texas Constitutions.

At the hearing on the motion to dismiss, appellee testified that he first learned of the tax assessment on the day he was released from jail on bond, when he went to see his

bank trustee. He testified that his trustee informed him that there was a lien on the money in his trust account[1] and that he assumed the lien pertained to his possession of cocaine and marihuana violation. He also testified that he thought that the State had collected at least some of the money, because the money has "gotten down like twenty thousand." On July 20, 1995, the trial court dismissed the indictment.

By its first and third points of error, the State claims the trial court erred in considering the tax assessment a "punishment." The State contends the evidence showed at most that appellee merely had been assessed the tax, not that it had been paid. The State also claims that the mere receipt of the tax assessment does not constitute a punishment in relation to the law of double jeopardy. At issue in the case before us, therefore, is whether an assessment of a tax against appellee for possession of controlled substances under the Tax Code constitutes a jeopardy, such that a subsequent indictment for possession of controlled substances under the Health & Safety Code cannot issue. Since the Texas controlled substances tax went into effect in 1989, there have been recent developments in both federal and Texas law regarding either this tax or similar ones and whether such taxes constitute "punishments" for double jeopardy purposes. We take this opportunity to chronicle these recent developments and review the state of the law on this issue.

The Fifth Amendment to the United States Constitution stipulates that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This provision has been made applicable to the states by incorporation into the Due Process Clause of the Fourteenth Amendment. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264–65, 65 L.Ed.2d 228 (1980). The Texas Constitution also proscribes double jeopardy, TEX. CONST., art. I, § 14, but this provision does not require separate analysis, because the double jeopardy ban under the Texas Constitution affords no broader protection than the federal constitution. *Stephens v. State,* 806

S.W.2d 812, 815 (Tex.Crim.App.1990). The double jeopardy clause specifically protects against three distinct abuses by state authority: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple prosecutions for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969); *Ex parte Herron,* 790 S.W.2d 623, 624 (Tex.Crim.App.1990).

In *Ex parte Kopecky,* 821 S.W.2d 957 (Tex. Crim.App.1992), the applicant for writ of habeas corpus pleaded guilty to and was convicted of charges of aggravated possession of a controlled substance and possession of the substance without a certificate to indicate that he had paid the controlled substances tax assessed. He challenged the conviction and sentence for failure to pay the tax on the ground that he was twice punished for the same offense in violation of the Fifth Amendment double jeopardy clause. The Texas Court of Criminal Appeals determined that because the applicant pleaded guilty to both offenses in a single proceeding, the issue did not require "multiple prosecutions" analysis. *Ex parte Kopecky,* 821 S.W.2d at 958. In consideration of *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Court observed that the double jeopardy clause does not impose a limitation upon the Legislature's prerogative to prescribe a scope of punishment. *Kopecky,* 821 S.W.2d at 959 (citing *Hunter,* 459 U.S. at 368, 103 S.Ct. at 679). The Court therefore posed the question before it as "whether the Legislature intended that an accused in the applicant's position be punished for both aggravated possession of [a controlled substance] and separately for possession of [the substance] without payment of the required tax." *Id.* In examining the legislative intent of Chapter 159 of the Tax Code, the same chapter of the Code at issue in the instant case, the Court held that the Legislature did in fact intend for someone in applicant's position to be susceptible to punishment on both grounds. *Id.* Accordingly, they ruled that the Fifth Amendment did not bar that applicant's sentence for possession without pay-

---

1. The money in this account was appellant's per-

sonal injury award pursuant to a bus accident.

ment of the tax assessed in the same proceeding as his conviction and sentence for aggravated possession. *Id.* at 961. The Court elected not to offer an opinion as to whether the applicant could have been convicted and sentenced in a subsequent prosecution, because the question was not before them. *Id.*

In *Olivarri v. State,* 838 S.W.2d 902, 905 (Tex.App.—Corpus Christi, 1992, no. pet.), this Court relied on *Kopecky* in holding that double jeopardy was not violated by conviction of a defendant for possession of a controlled substance after the comptroller already had assessed a tax against him for possession of the controlled substance. In that case, appellant pleaded *nolo contendere* to the charge of possession of between 50 and 200 pounds of marihuana, and the trial court assessed punishment at five years in prison. By a special plea of double jeopardy, appellant had argued that the conviction for possession of marihuana placed him in jeopardy a second time, because the comptroller already had assessed a tax of over $2 million against him for failing to pay the tax on the purchase. Reviewing this point on appeal, this Court followed *Kopecky* in holding that because the Legislature authorized punishment under both the Controlled Substances Act and the Tax Code, the conviction for possession would not constitute a violation of double jeopardy. *Olivarri,* 838 S.W.2d at 905.

In *Ward v. State,* 870 S.W.2d 659 (Tex. App.—Houston [1st Dist] 1994, pet. ref'd), *vacated,* 513 U.S. 1011, 115 S.Ct. 567, 130 L.Ed.2d 485 (1994), the First Court of Appeals reviewed a similar case and reached a similar disposition. In that case, the applicant for habeas corpus relief was indicted for possession of marihuana and for possession of marihuana on which no tax had been paid. A month after this indictment, the Comptroller sent notice to the applicant that he owed over $109,000 in taxes, as well as a penalty of some $10,900 for having failed to pay the tax. The applicant made a $250 payment on the amount owed. The court examined the applicant's reliance on *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), which pertained to the circumstances

under which a civil penalty might be considered a punishment for double jeopardy purposes, and which proscribed civil penalties subsequent to a criminal sanction that do not bear any rational relationship to the goal of compensating the government for some loss in relation to the offense committed. *Ward,* 870 S.W.2d at 662. The court reasoned that the assessment at issue in this case was not a punishment for two reasons. First, the applicant merely was assessed the tax. The State had not sought a judgment against him, and there had been no adjudication by a court. *Halper* was deemed to contemplate a criminal prosecution and a civil action that results in a judgment. *Id.* Second, because appellant did not pay the assessment in full or substantial part, the assessment did not constitute a punishment. *Id.*

With the issuance of this opinion, therefore, mere assessment of the Texas controlled substance tax on persons charged with possession of controlled substances was not necessarily recognized as double jeopardy in Texas courts because (a) the Texas Legislature authorized punishment via collection of the tax under the Tax Code irrespective of the punishment prescribed by the Health & Safety Code, and/or (b) mere assessment of the tax is not punishment, absent a judgment for the tax due or at least substantial payment of it. The matter of whether one could be prosecuted for either possession of controlled substance or possession without a tax certificate and then subsequently convicted and sentenced for the other offense had not reached a court for determination.

The United States Supreme Court, however, vacated the judgment in *Ward* and remanded the case for further consideration in light of its decision in *Montana Dept. of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). *Ward v. Texas,* 513 U.S. 1011, 115 S.Ct. 567, 130 L.Ed.2d 485 (1994) (memorandum opinion). The question presented in *Montana Dept. of Revenue v. Kurth Ranch* was whether a tax on the possession of illegal drugs assessed after the State had imposed a criminal penalty for the same conduct violated the constitutional prohibition against successive punish-

ments for the same offense. 511 U.S. at 768–71, 114 S.Ct. at 1941. In the case, members of the extended Kurth family had been growing marihuana on a livestock farm and selling it since 1986.[2] The farm was raided and the marihuana plants and paraphernalia found were confiscated, which gave rise to four separate legal proceedings. The State filed charges against six members of the family for conspiracy to possess drugs with intent to sell. Judith Kurth and Richard Kurth were sentenced to prison; the other four family members received suspended or deferred sentences. The county attorney also filed a civil forfeiture action, seeking recovery of cash and equipment used in the marihuana operation. This action was settled. The third proceeding was the assessment of the tax on the drug under Montana's Drug Tax Act. The state attempted to collect $900,000 in taxes on the plants, harvested marihuana, hash tar and hash oil, interest, and penalties. The Kurths contested the assessment in administrative proceedings, but these were stayed pursuant to the fourth proceeding triggered by the raid on the Kurth's farm, their claim for bankruptcy. Relying primarily on *Halper* and citing the punitive nature of this tax, the bankruptcy court determined that the assessment constituted a form of double jeopardy in violation of the federal constitution. The district court affirmed. In reviewing this judgment, the Supreme Court began its analysis with a discussion of constraints that may be imposed on criminal fines, civil penalties, civil forfeitures, and taxes. *Id.* at 775–81, 114 S.Ct. at 1944–46. The Court then proceeded to inventory characteristics of the Montana tax that ultimately, the Court held, made it punitive in nature, *e.g.*, it imposed a high rate of taxation; was conditioned upon the commission of a crime; and was levied on goods that the taxpayer neither owned nor possessed when it was imposed.[3] *Id.* at 783–84, 114 S.Ct. at 1948. Finding it a second punishment, the Court determined that "it must

be imposed during the first prosecution or not at all." *Id.*

On remand from the U.S. Supreme Court, the First Court of Appeals "reluctantly" granted the applicant in *Ward* relief. *Ward v. State*, 915 S.W.2d 941, 947 (Tex.App.— Houston [1st Dist.] 1996, pet. filed). In examining the Texas controlled substances tax in relation to *Kurth Ranch*, the Houston court found the tax similar in many respects to the Montana tax. The court found that the Texas tax was found to represent a high rate of taxation; that absent prosecutorial request, taxing authorities were unable to compromise the tax amount due; that illegal activity must be engaged in before the tax is imposed; the tax may be imposed on goods that already have been confiscated. The court thus held that a tax imposed under the Texas Controlled Substances Tax statute "is punishment for purposes of double jeopardy considerations." In considering whether assessment of the tax barred further prosecution, the court viewed the case as one involving "alternative" punishments for a single offense. It quoted the Supreme Court's holding in *Kurth Ranch* that Montana's effort to collect a tax on the possession of drugs was the "functional equivalent" of a successive criminal prosecution for the same offense, and it concluded, "based on this language, that the assessment of a tax on the possession of marihuana in this case precludes subsequent prosecution for that offense." By way of a footnote, the court added that it was irrelevant that the assessment preceded the criminal prosecution, quoting Justice Scalia's dissenting opinion in *Kurth Ranch*, wherein he observed, "If there is a constitutional prohibition on multiple punishments, the order of punishment cannot possibly make any difference." *Ward*, 915 S.W.2d at 947 n. 8 (quoting *Kurth Ranch*, 511 U.S. at 802–04, 114 S.Ct. at 1958). Petition for discretionary review of this case has been filed with the Texas Court of Criminal

---

2. See Kurth Ranch. *511 U.S. at 771–75, 114 S.Ct. at 1942–43 (reviewing factual and procedural history of the case).*

3. But before it does so, the Court notes that as a general matter, the unlawfulness of an activity does not prevent its taxation. "Montana could

collect its tax ..., for example, if it had not previously punished the taxpayer for the same offense, or, indeed, if it had assessed the tax in the same proceeding that resulted in his conviction." *Kurth Ranch*, 511 U.S. at 777–79, 114 S.Ct. at 1945.

Appeals, which had denied discretionary review of the case before the U.S. Supreme Court vacated the judgment of the court of appeals.

In its opinion on remand in *Ward v. State*, the First Court of Appeals cited the Fourteenth Court of Appeals opinion, also on remand, regarding the controlled substances tax in relation to double jeopardy, in which that court found that the imposition of the tax constituted a punishment for double jeopardy purposes, *Stennett v. State*, 905 S.W.2d 612 (Tex.App.—Houston [14th Dist.] 1995, pet. granted). *Ward*, 915 S.W.2d at 944. In *Stennett*, the appellant was arrested for possession of marihuana.[4] After he was arrested, he received an assessment of tax due on the marihuana for the Texas Comptroller in the amount of $49,000. Rather than request a hearing to contest the assessment, appellant mailed a check to the Comptroller in the amount of $100. Appellant claimed his payment barred any further criminal prosecution for the possession of marihuana under the double jeopardy clause. The trial court denied relief without comment. The court of appeals initially affirmed in 1993 in an unpublished opinion, *Stennett v. State*, No. 14–93–00303–CR (Tex.App.—Houston [14th Dist.], Nov.10, 1993, pet. ref'd) (not designated for publication), and the Court of Criminal Appeals refused the petition for discretionary review.

The U.S. Supreme Court, however, vacated the court of appeal's judgment and remanded for further consideration in light of *Kurth Ranch*. *Stennett v. Texas*, 513 U.S. 922, 115 S.Ct. 307, 130 L.Ed.2d 271 (1994) (memorandum opinion). On remand, the Fourteenth Court of Appeals reversed its earlier position. *Stennett v. State*, 905 S.W.2d 612, 615 (Tex.App.—Houston [14th Dist.] 1995, pet. granted). The Court of Appeals found a general similarity between the Texas controlled substances tax and the Montana drug tax, despite some irrelevant differences. *Id.* at 614. Because assessment and partial collection of the tax preceded the prosecution, the court held that the double jeopardy clause precluded the prosecution. *Id.* at 615.

The Texas Court of Criminal Appeals granted petition for discretionary review. In *Stennett v. State*, 941 S.W.2d 914, 916 (Tex. Crim.App.1996), the Court of Criminal Appeals found the Texas controlled substances tax similar in some ways to the Montana tax reviewed in *Kurth Ranch*, e.g., it is at a high rate and imposed only on persons who possess or deal with controlled substances illegally. *Id.* The Court also found the tax different, in that it is not imposed only on those who have been arrested and charged with a criminal offense, but rather the obligation to pay the tax arises when the taxable event, namely the possession or acquisition, occurs, whether or not the event has come to attention of law enforcement agencies. In addition, the legislature "provided a means for those who owe taxes on controlled substances to pay their bills in confidence and thus satisfy their tax obligation without subjecting themselves to arrest or ... criminal prosecution." *Id.* These differences, the court noted, could incline them to find that the tax is not a punishment. *Id.* Yet in examining the legislative history of the tax statute, the Court ultimately found that the tax "was plainly and undoubtedly intended to be a punishment by the legislature that enacted it." *Id.*, 941 S.W.2d at 916. The Court therefore held that in this case, the Texas drug tax "is a punishment subject to the prohibition of the United States Constitution against imposing it in a separate proceeding from that in which other criminal punishments for the same offense are imposed." *Id.*

■ The Court of Criminal Appeals opinion in *Stennett v. State* reflects the state of the law in Texas as to whether assessment of the controlled substances tax constitutes a punishment. On the facts of the case before us, it is undisputed that appellant received notice of the assessment. Under *Stennett*, appellant therefore must be deemed to have been punished. We therefore hold that prosecution subsequent to the assessment is prohibited. Points of error one and three are overruled.

*Stennett v. State*, 905 S.W.2d 612, 613 (Tex. App.—Houston [14th Dist.] 1995, pet. granted).

---

4. The complete factual and procedural history of the case may be found in the opinion on remand,

By its second point of error, the State alleges that the facts of this case do not establish double jeopardy. Point of error two is not independently explicated in appellant's brief, but it intimates that the particular facts of this case somehow necessitate a finding under law either that appellee has not twice been punished for the same conduct, or that this case is distinguishable from any cases in which assessment has been held to constitute punishment.

To the extent that the facts of the case in *Stennett* are determinable, however, they corroborate with the facts of the instant case. In *Stennett,* the appellant was arrested and then assessed the tax. He paid $100 on the $49,070 assessment and then objected to prosecution for possession subsequent to the assessment. Following *Kurth Ranch,* the Court of Criminal Appeals looked not to the balance owed or whether the appellant paid anything at all, but rather to the nature of the controlled substance tax. *Stennett,* 941 S.W.2d at 916. Finding it punitive, the Court deemed the assessment of the tax a punishment and affirmed the court of appeals decision that, as such, the assessment barred the subsequent prosecution. *Id.* In the instant case, what is dispositive is that appellee was arrested, that the Comptroller's assessment issued about a month later, and that the indictment was filed thereafter. Whether appellee paid the amount of the tax assessed is irrelevant. Under *Stennett,* the assessment constituted a punishment. Prosecution pursuant to the subsequent indictment is therefore barred. Point of error two is overruled.

The trial court's judgment is affirmed.