**Paul Sylvia DeLEON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00721–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 1997.

Stanley Schneider, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

The dispositive issue in this case is whether assessment of the Texas Controlled Substances Tax (the "tax") is a punishment under the double jeopardy clause of the Fifth Amendment to the United States Constitution. *See* TEX. TAX CODE ANN. § 159.001–.301 (Vernon 1992 & Supp.1996). We find that it is and reverse the judgment of the trial court.

## BACKGROUND

On February 11, 1994, Houston Police Officer Steve Magness received a tip from a confidential informant that appellant, Paul Sylvia DeLeon, was selling cocaine from his home. Based on this tip, the police went to appellant's house and knocked on the front door. When appellant opened the door, the officers detected a strong odor of burning marihuana and observed appellant holding a marihuana cigarette. Appellant was arrested and subsequently signed a consent to search form. A search of the house yielded a sizable quantity of marihuana and cocaine.

On February 28, 1994, appellant was indicted for the felony offense of possession of cocaine with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp. 1994). Appellant's pre-trial motion to suppress the evidence was carried with the bench trial. The motion to suppress was denied. During his May 18, 1994 bench trial, appellant stipulated that the cocaine recovered from his house "weighs 31.9 grams total, with 24.4 grams being pure." The trial court found appellant guilty of the charged offense but deferred sentencing pending the completion of a pre-sentencing investigation report.

On June 9, 1994, appellant received notice from the Texas Comptroller's Office that he had been assessed $5,595.34 in taxes, penalties, and interest based on his failure to pay tax on the "purchase, acquisition, importation, manufacture or production" of marihuana and/or controlled substances. *See* TEX. TAX CODE ANN. § 159.001(7) (Vernon 1992 & Supp.1996). Nothing in the record indicates that appellant paid any portion of the tax assessment.

During his July 18, 1994 punishment hearing, appellant argued that the State's assessment of the tax was a previously imposed punishment for the charged offense. He moved to dismiss the indictment, contending

that further prosecution for possession of cocaine was barred by the double jeopardy clause. *See* U.S. CONST. amend. V. The trial court denied the motion and assessed punishment at ten years imprisonment and a $100.00 fine. This appeal followed.

## ANALYSIS

 Appellant's third point of error contends the trial court erred in denying his motion to quash the indictment. Specifically, appellant asserts that because assessment of the tax is a punishment as contemplated by the double jeopardy clause of the Fifth Amendment, any subsequent prosecution for the same offense is barred.[1]

In *Ward v. State*, 870 S.W.2d 659 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd), *vacated*, 513 U.S. 1011, 115 S.Ct. 567, 130 L.Ed.2d 485 (1994), the First Court of Appeals addressed the identical issue presented in the case at bar. In *Ward*, the appellant was indicted for aggravated possession of marihuana and for possession of marihuana on which no tax had been paid. *Id.* at 660. One month later, the Texas Comptroller's Office sent the appellant a notice informing him that he owed over $120,000 in taxes, penalties, and interest on the marihuana found in his possession. The appellant tendered $250 as partial payment of the amount due and filed a plea in bar and an application of writ of habeas corpus claiming the assessment of the tax barred further prosecution for the same offense. The trial court denied both motions, and the appellate court affirmed, holding that assessment of the tax, by itself, was not a punishment within the meaning of the double jeopardy clause. *Id.* at 662. The court based its holding on two grounds. First, the court noted the appellant was merely *assessed* the tax. The State had not sought judgment against him, nor had there been any adjudication of the issue by a court. *Id.* Second, because the appellant did not pay the tax assessment in full, or

at least a substantial portion of the tax, the assessment did not constitute a punishment under the Fifth Amendment. *Id.* The United States Supreme Court subsequently vacated the judgment in *Ward* and remanded the case for further consideration in light of *Montana Dept. of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).[2]

On remand, the First Court of Appeals determined the tax was analogous to the Montana tax found to be improper in *Kurth Ranch. Ward v. State*, 915 S.W.2d 941, 944–46 (Tex.App.—Houston [1st Dist.] 1996, pet. granted). Reversing its earlier position, the court found assessment of the tax constituted a punishment for double jeopardy purposes and stated that "[i]t is clear that in *Kurth Ranch* it was the *imposition* or *assessment* of the Montana tax that the Supreme Court found to be the operative event." *Id.* at 946–47. By way of a footnote, the court also cited several references to *Kurth Ranch* wherein the Supreme Court emphasized that the "imposition" or "assessment" of the Montana tax, rather than payment of the tax due, triggered double jeopardy concerns. *Id.* at 946 n. 5 (quoting *Kurth Ranch*, 511 U.S. at 769–75, 783, 114 S.Ct. at 1941–43, 1948).

The Texas Court of Criminal Appeals recently reached a similar conclusion in a similar case. *Stennett v. State*, 941 S.W.2d 914, 916 (Tex.Crim.App.1996). In *Stennett*, the court held that the Texas Controlled Substances Tax "is a punishment subject to the prohibition of the United States Constitution against *imposing* it in a separate proceeding from that in which other criminal punishments for the same offense are imposed." *Stennett*, 941 S.W.2d at 916 (emphasis added); *see also State v. Rocha*, 944 S.W.2d 701, 705 (Tex.App.—Corpus Christi 1997, pet. filed) (holding the *assessment*, rather than full or partial payment of the tax, is a punishment for double jeopardy purposes).

 The State contends it is unclear from appellant's tax assessment notice (the "no-

---

1. The double jeopardy clause of the Fifth Amendment protects individuals from (1) a second prosecution for the same offense after aquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

This case presents a multiple punishments question.

2. *See Kurth Ranch*, 511 U.S. at 771–75, 114 S.Ct. at 1942–43 (reviewing factual and procedural history of the case).

tice") whether he was taxed on the cocaine he was indicted for possessing or "the *marihuana*, which was recovered from the appellant's residence, and which appellant admitted belonged to him." Stated differently, the State argues that appellant has failed to demonstrate that the controlled substance on which he was taxed was the cocaine he was convicted of possessing rather than the marihuana found in his house. *See* TEX.R.APP. P. 50(d). We disagree.

■ Although the notice does not specify the type of drug for which appellant was taxed, the *amount* of the tax reveals the assessment was for the cocaine, not the marihuana. The notice assessed $5,000 in taxes, exclusive of penalties and interest against appellant. The tax code provides that the rate of taxation on a controlled substance, in this case cocaine, is $200 per gram. TEX. TAX CODE ANN. § 159.101(b)(1) (Vernon 1992 & Supp.1996).[3] The code further provides that "[i]n determining the total weight of a taxable substance, a part of a gram remaining after the measurement of whole grams *is considered as one gram." Id.* at § 159.101(d) (emphasis added). Appellant was found in possession of 24.4 grams of "pure" cocaine. To calculate the amount of the controlled substance to be taxed, the statute requires that fractions be rounded up to the next whole gram. Because appellant was assessed $5000 in taxes, it is logical to assume he was charged the applicable tax of $200 per gram on twenty-five grams of cocaine. The tax assessed against appellant was clearly related to the cocaine that formed the basis of his indictment.[4]

## CONCLUSION

The United States Supreme Court has held that the "imposition" or "assessment" of the Montana drug tax is the event that triggers a bar to subsequent prosecution for the same conduct. *See Kurth Ranch*, 511 U.S. at 769–75, 783, 114 S.Ct. at 1941–43, 1948. Sim-

ilarly, the Texas Court of Criminal Appeals has held that the Texas Controlled Substances Tax "is a punishment subject to the prohibition of the United States Constitution against *imposing* it in a separate proceeding from that in which other criminal punishments for the same offense are imposed." *Stennett*, 941 S.W.2d at 916 (emphasis added); *see also Ward*, 915 S.W.2d at 946–47. It is undisputed that appellant received notice of the tax assessment prior to the time he was sentenced for the charged offense. It is equally clear the tax assessment related to the cocaine that formed the basis of his indictment. For double jeopardy purposes, appellant was punished for the offense of possession of cocaine when the State assessed the tax against him. The imposition of a second punishment subsequent to the tax assessment is prohibited. *Stennett*, 941 S.W.2d at 916; *Ward*, 915 S.W.2d at 946–47; *Rocha*, 944 S.W.2d at 705. Accordingly, we sustain appellant's third point of error. Because we have found reversible error, we need not address appellant's remaining points of error.

We reverse the judgment of the trial court and dismiss the case.

---

3. By contrast, the rate of taxation on marihuana is $3.50 per gram. TEX. TAX CODE ANN. § 159.101(b)(2) (Vernon 1992 & Supp.1996).

4. At oral argument appellant could not explain the basis for the $5000 tax assessment and suggested that we presume he was taxed only for the

cocaine. We cannot presume any such fact. *See* TEX.R.APP. P. 50(d) (the burden is on *appellant* to demonstrate reversible error). Nevertheless, we find the record sufficiently demonstrates appellant was taxed on the amount of "pure" cocaine found in his possession.