Armand Philip DESHAIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–00447–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 22, 1998.

Opinion Granting Rehearing Feb. 26, 1998.

David Cunningham, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Before O'CONNOR, ANDELL and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a denial of appellant's application for habeas corpus relief, asserting that the assessment of a controlled

substance tax in addition to criminal prosecution for possession of a controlled substance violates the double jeopardy prohibitions of the Texas and U.S. Constitutions. We reverse and render judgment that habeas corpus relief be granted barring criminal prosecution.

## Facts

Appellant was arrested on November 19, 1993 for possession of cocaine. On November 23, 1993, the State Comptroller of Public Accounts issued notice of a controlled substance tax lien to appellant in the amount of $25,650,000 (including penalties) for failure to pay taxes on the cocaine. *See* TEX. TAX CODE ANN. § 159 *et seq.* (Vernon 1992). Appellant received the notice. The lien was recorded in the Harris County Clerk's Official Public Records on December 3, 1993. A grand jury subsequently indicted appellant for aggravated possession of that cocaine. The Comptroller tried to collect the taxes for more than the next two years. The Comptroller issued directives freezing appellant's assets held by others. Appellant's bank account was frozen as well as $789 seized by the Houston Police Department on his arrest. The lien adversely affected appellant's credit. In April 1996, appellant paid $100 toward the tax. The Comptroller accepted the payment and credited his account. On March 24, 1997, more than three years after the imposition of the tax lien, the Comptroller issued a document stating the lien was released, but nothing in the record indicates the release was ever filed or recorded with the Harris County Clerk's Office. Appellant received a letter indicating the lien would be released and his $100 would be refunded, yet nothing in the record indicates the Comptroller ever delivered the release to him.

At the hearing, the State introduced a copy of the $100 refund check, dated April 23, 1997.[1] Appellant testified he had not yet received it. Though appellant's credit report[2] indicated the tax lien still existed, a witness from the Comptroller's office testified the release of the tax lien meant that as of that date, appellant no longer owed the State any taxes or penalties.

## Analysis

Appellant asserts the assessment of the controlled substance tax and the criminal prosecution for possession of the same controlled substance violates the double jeopardy clause.[3] We agree.

Assessment or imposition of a controlled substance tax constitutes punishment for double jeopardy purposes, and therefore, it precludes further prosecution. *Stennett v. State*, 941 S.W.2d 914, 916 (Tex.Crim.App. 1996) (assessment of controlled substance tax is punishment within double jeopardy prohibition); *DeLeon v. State*, 951 S.W.2d 283, 286 (Tex.App.—Houston [14th Dist.] 1997, pet. filed) (one is punished for double jeopardy purposes when controlled substance tax is assessed); *State v. Rocha*, 944 S.W.2d 701, 705–06 (Tex.App.—Corpus Christi 1997, pet. filed) (assessment, rather than full or partial payment of the tax, is punishment for double jeopardy purposes); *Ward v. State*, 915 S.W.2d 941, 946 (Tex.App.—Houston [1st Dist.] 1996, pet. granted) (imposition or assessment of controlled substance tax is the operative event). We hold that this tax assessment bars prosecution for possession of this cocaine for the same reasons stated in *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 783–84, 114 S.Ct. 1937, 1948, 128 L.Ed.2d 767 (1994) (holding tax imposed pursuant to Montana's Dangerous Drug Tax Act, a tax similar to Texas' Controlled Substance Tax, is punishment for double jeopardy purposes) and *Stennett*, 941

---

1. The hearing took place on April 17, 1997. A continuance was granted until April 30, 1997 so that the State could introduce evidence of the refund. There is nothing in the record indicating that the refund check was ever received, endorsed, or cashed by appellant.

2. Appellant testified his wife ran a credit report two to three days before the hearing.

3. As a general rule, the double jeopardy ban under the Texas Constitution provides no greater protection than the federal constitution. *Stephens v. State*, 806 S.W.2d 812, 815 (Tex.Crim. App.1990); *but see Bauder v. State*, 921 S.W.2d 696 (Tex.Crim.App.1996) (expanding double jeopardy protection under Texas Constitution when prosecutor should know conduct will result in a mistrial).

S.W.2d at 916–17 (despite differences between Montana and Texas controlled substance taxes, Texas tax implicates double jeopardy).

The State asserts that the fact the tax lien was removed and appellant's payment was refunded cures any double jeopardy problem. Even if the lien had been released of record and appellant had received his refund, the result would be the same. Though none of the cases listed above discuss this scenario, it is clear the operative event, for double jeopardy purposes, is the *assessment* of the tax. *See Kurth Ranch*, 511 U.S. at 769–75, 114 S.Ct. at 1941–43; *Stennett*, 941 S.W.2d at 915; *DeLeon*, 951 S.W.2d at 286; *Rocha*, 944 S.W.2d at 705; *Ward*, 915 S.W.2d at 946. Releasing the lien and refunding the payment would not change the fact the tax was assessed.

We reverse the trial court's judgment and render judgment that habeas corpus relief be granted. The indictment and the prosecution of appellant in cause no. 747,865 in the 230th District Court of Harris County are both dismissed.

## OPINION ON STATE'S MOTION FOR REHEARING

We grant the State's motion for rehearing, and for the reasons stated in *Ex parte Ward*, 964 S.W.2d 617, 628–633 (Tex.Crim.App., 1998) (imposition of controlled substance tax does not constitute punishment for double jeopardy purposes, even if a partial payment is made), we affirm the trial court's judgment.

On original submission in *Ward*, we affirmed an order denying habeas relief. *See Ward*, at 618–619 (reciting status of the case). After the Court of Criminal Appeals denied review, the United States Supreme Court vacated our holding and remanded for reconsideration in light of *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). *Ward*, at 618. We granted habeas relief. *Id.* The Court of Criminal Appeals

reversed our judgment and rendered judgment denying habeas relief. *Id.* at 633.

The Court of Criminal Appeals recognized the *Kurth Ranch* is good law, having been recently approved by the United States Supreme Court. *Id.* at 621 n. 3. However, it distinguished *Kurth Ranch* because in *Ward*, the tax assessment preceded the criminal punishment, while in *Kurth Ranch*, the tax assessment follower it. *Id.* at 628. In *Kurth Ranch*, two dissenters emphatically stated that this did not matter. "[I]f there is a constitutional prohibition on multiple punishments, the order of punishments cannot possibly make a difference." *Kurth Ranch*, 511 U.S. at 804, 114 S.Ct. at 1958 (Scalia, J. dissenting). For this proposition, the two dissenters cited *United States v. Sanchez–Escareno*, 950 F.2d 193, 200 (5th Cir. 1991), a case the Court Criminal Appeals relied on heavily. And on the question of whether the tax assessment (rather than its collection) was a criminal proceeding invoking the double jeopardy clause, the *Kurth Ranch* opinion stated, "*The proceeding Montana initiated to collect a tax on the possession of drugs was the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time for the same offense.*" *Kurth Ranch*, 511 U.S. at 784, 114 S.Ct. at 1948 (emphasis added). Finally, the question presented in *Kurth Ranch* was "[W]hether a tax on the possession of illegal drugs *assessed* after the State has imposed a criminal penalty for the same conduct may violate the constitutional prohibition against successive punishments for the same offense." *Id.* at 769, 114 S.Ct. at 1941. (emphasis added).

The Court of Criminal Appeals' holding in *Ward* admittedly goes well beyond *Kurth Ranch*,[1] and the law is unsettled, with the holding in *United States v. Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1901–02, 104 L.Ed.2d 487 (1989), being cut back repeatedly. *See Hudson v. United States*, —— U.S. ——, ——, 118 S.Ct. 488, 491, 139 L.Ed.2d 450 (1997); *United States v. Ursery*, 518 U.S. 267, —— – ——, 116 S.Ct. 2135, 2148–49, 135 L.Ed.2d 549 (1996). We predicted as much. *Arnold v. State*, 920 S.W.2d 704, 717 (Tex.

---

1. *See Ward,* at 621.

App.—Houston [1st Dist.] 1996, pet. ref'd). While yet another Supreme Court review may lie ahead, we must follow the governing law as we find it today.

We overrule all points and affirm the judgment.