**Paul Sylvia DELEON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1348–97.**

Court of Criminal Appeals of Texas, En Banc.

March 18, 1998.

Stanley G. Schneider, Houston, for appellant.

Alan Curry, Asst. District Attorney, Houston, Matthew Paul, State's Atty., Austin, for State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of possession of cocaine with intent to deliver and sentenced to confinement for ten years. The Court of Appeals reversed the conviction, holding that appellant's conviction for this offense violated appellant's double jeopardy protection against multiple punishments because the State Comptroller's Office had already assessed a drug tax and penalties against appellant for his failure to pay the tax. *DeLeon v. State,* 951 S.W.2d 283 (Tex.App.—Houston [14th Dist.] 1997). The record does not reflect appellant ever paid any portion of the tax, but the Court of Appeals held the mere assessment constituted punishment. *Id.* at 286.

The State filed a petition for discretionary review, arguing that the Court of Appeals erred by holding that the mere assessment of the tax constituted punishment under the double jeopardy clause. At the time the Court of Appeals handed down its opinion, it did not have the benefit of this Court's decisions in *Ex parte Ward,* 964 S.W.2d 617 (Tex.Cr.App.1998), and *Ex parte Chappell,* 959 S.W.2d 627 (Tex.Cr.App.1998), which

held that mere assessment of the drug tax does not constitute punishment.

Accordingly, we summarily grant the State's petition, vacate the judgment of the Court of Appeals, and remand the cause to that court for reconsideration in light of *Chappell* and *Ward.*