**Matthew Todd LEDFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 426–97.**

Court of Criminal Appeals of Texas, En Banc.

April 22, 1998.

Stanley G. Schneider, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was arrested for possession of cocaine. The Texas Comptroller of Public Accounts assessed Appellant $440,000 in taxes and penalties based upon his possession of the cocaine. In response, Appellant sent a money order in the amount of $100 to the Comptroller. Appellant was charged by felony indictment with possession of a controlled substance with intent to deliver. The criminal charge was based on the same cocaine that was the subject of the tax. Appellant filed a motion to quash the indictment and a motion to suppress, claiming the assessment of the controlled substance tax barred further prosecution for possession of cocaine under the Double Jeopardy clause of the United States Constitution. The trial court denied both motions. In a trial before the court, Appellant was found guilty of possession of cocaine with intent to deliver. The trial court assessed punishment at fifteen years imprisonment and a $10,000 fine. On appeal, the Court of Appeals held that the Double Jeopardy clause barred the criminal prosecution because Appellant had already been punished under *Stennett v. State*, 941 S.W.2d 914 (Tex.Cr.App.1996). *Ledford v. State*, No. 14–97–00801–CR, 1997 WL 109948 (Tex.App.—Houston [14th Dist.], delivered March 13, 1997).

In the State's[1] petition for discretionary review, the District Attorney asserts the Court of Appeals erred in holding that Appellant was subjected to a prior punishment merely by paying a portion of the controlled substances tax. The Court of Appeals did not have the benefit of our recent decision in *Ex parte Ward*, 964 S.W.2d 617 (Tex.Cr.App. 1998), in which we examined the point at which a person is punished by the controlled substances tax.

We grant the State's (Harris County District Attorney's) petition for discretionary review, vacate the Court of Appeals' judgment,

and remand this cause to that court for reconsideration in light of *Ward.*

---

1. Both the Harris County District Attorney and the State Prosecuting Attorney have filed petitions for discretionary review in this cause. Only the petition filed by the Harris County District Attorney raises the issue of whether partial payment of a controlled substance tax constitutes punishment, and only that petition is granted. The petition filed by the State Prosecuting Attorney is refused.