The STATE of Texas, Appellant,

v.

Ramiro Villela ROCHA, Appellee.

No. 829–97.

Court of Criminal Appeals of Texas,
En Banc.

May 6, 1998.

J.R. Bobby Flores, McAllen, for appellant.

Jeffrey L. Van Horn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellee was assessed a controlled substances tax in the amount of $22,759.80. Appellee was later indicted for possessing controlled substances. He filed a motion to dismiss the indictment, claiming that his protection against double jeopardy would be violated by being prosecuted for possession of controlled substances after the State had already punished him by assessing a tax for possessing controlled substances. At the hearing on the motion to dismiss, Appellee testified that his bank trustee informed him that there was a lien on money in Appellee's trust account. Appellee assumed that the lien was for possessing the controlled substances. Appellee testified that he thought the State had collected some of the money, because the money had "gotten down like twenty thousand." The trial court dismissed the indictment, and the State appealed. On appeal, the Court of Appeals held that the Double Jeopardy Clause barred the criminal prosecution because he received notice of the tax assessment and, therefore, was deemed to have been punished under *Stennett v. State*, 941 S.W.2d 914 (Tex.Cr.App.1996). *State v. Rocha*, 944 S.W.2d 701, 705 (Tex. App.—Corpus Christi 1997).

The State's petition for discretionary review asserts the Court of Appeals erred in holding that Appellee was subjected to prior punishment merely by the assessment of the controlled substances tax. The Court of Appeals did not have the benefit of our recent decision in *Ex parte Ward*, 964 S.W.2d 617(Tex.Cr.App. 1998), in which we examined the point at which a person is punished by the controlled substances tax.

We grant the State's petition for discretionary review, vacate the Court of Appeals' judgment, and remand this cause to that court for reconsideration in light of *Ward*.