**The STATE of Texas, Appellant,**

v.

**Ramiro Villela ROCHA, Appellee.**

**No. 13–95–398–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 18, 1999.

Rene Guerra, Dist. & County Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Edinburg, for appellant.

J.R. "Bobby" Flores, McAllen, for appellee.

Jeffrey L. Van Horn, Asst. State Atty., Austin, for State.

Before: Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

### OPINION

YAÑEZ, Justice.

The State appeals the dismissal of its indictment against appellee, Ramiro V. Rocha, for possession of controlled substances. The trial court dismissed the indictment on the ground that it issued *after* a controlled substances tax was assessed against appellee by the Texas Comptroller of Public Accounts and was, therefore, barred by the double jeopardy prohibition. By three points of error, the State contends that mere notice of assessment of a controlled substances tax does not constitute punishment within the meaning of the constitutional prohibitions against double jeopardy. In our original opinion in this case, issued on March 27, 1997, we affirmed the judgment of the trial court. *See State v. Rocha,* 944 S.W.2d 701 (Tex.App.—Corpus Christi 1997), *vacated,* 968 S.W.2d 360 (Tex.Crim.App.1998). The Texas Court of Criminal Appeals vacated our judgment and remanded the cause to us for reconsideration in light of that court's recent opinion in *Ex parte Ward,* 964 S.W.2d 617 (Tex.Crim.App.1998); *see Rocha,* 968 S.W.2d at 360. We reverse and remand to the trial

court for further proceedings consistent with the court of criminal appeals' decision in *Ward.*

On January 19, 1994, Rocha was arrested for possession of marihuana and cocaine. *See* Tex. Health & Safety Code Ann. §§ 481.121, 481.115 (Vernon Supp.1999). By notice dated February 17, 1994, the comptroller's office assessed a tax due against appellee in the amount of $22,759.80, in consideration of his possession of the controlled substances. *See* Tex. Tax Code Ann. § 159.101(a) (Vernon 1992). The indictment for possession of controlled substances was filed on June 29, 1994. On July 17, 1995, Rocha filed a motion to dismiss the indictment, arguing that by assessing the tax against him, the State had already imposed a "punishment" for possession of the controlled substances, and that any subsequent criminal prosecution pursuant to the indictment would constitute multiple punishments in violation of the double jeopardy clauses of both the United States and Texas Constitutions.

At the hearing on the motion to dismiss, Rocha testified he first learned of the tax assessment on the day he was released from jail on bond, when he went to see his bank trustee. He testified his trustee informed him that a lien had been imposed on the funds in his trust account because of the controlled substances tax. He further testified he believed the assessment had been paid because his money had "gotten down like twenty thousand." On July 20, 1995, the trial court dismissed the indictment.

By three points of error, the State claims the trial court erred in dismissing the indictment because (1) the evidence establishes only that Rocha received *notice* of the tax assessment; there is no evidence showing appellee *paid* the tax; (2) the facts in this case do not show that a violation of the prohibitions against double jeopardy occurred; and (3) receipt of notice of a tax assessment is insufficient to show that one

has been "punished" for purposes of double jeopardy.

The issue before us, therefore, is whether the trial court erred in concluding Rocha had been previously punished by assessment of the controlled substances tax and accordingly, that any subsequent criminal prosecution for possession of controlled substances was barred by the prohibition against double jeopardy.

In our original opinion in this case, we followed *Stennett v. State,* 941 S.W.2d 914 (Tex.Crim.App.1996), wherein the court of criminal appeals examined the legislative history of the Texas drug tax statute, determined that the drug tax "was plainly and undoubtedly intended to be a punishment by the legislature that enacted it," and held that the tax "is a punishment subject to the prohibition of the United States Constitution against imposing it in a separate proceeding from that in which other criminal punishments for the same offense are imposed." *See Rocha,* 944 S.W.2d at 705 (quoting *Stennett,* 941 S.W.2d at 916).[1]

Recently, however, in *Ex parte Ward,* 964 S.W.2d 617 (Tex.Crim.App.1998), the court of crimin. l appeals determined that *Stennett* did not address *when* a person is "punished" by the tax on controlled substances so as to bar subsequent criminal prosecution on double jeopardy grounds. *Ward,* 964 S.W.2d at 622. To clarify any ambiguity, the court "overrule[d] *Stennett* to the extent that it may be interpreted as holding the 'assessment' of the tax on controlled substance [sic] and/or 'partial payment' of the tax due constitute 'punishment' for purposes of *Kurth Ranch's* prohibition against 'successive punishments.'" *Id.* at 632 (referencing *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 784, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)). In *Ward,* the court further held that automatic imposition of the tax, receipt of notice of the tax assessment, imposition of a lien based on the tax liability, and partial payment of the tax, absent an

---

1. The Fourteenth Court of Appeals followed this holding in *DeLeon v. State,* 951 S.W.2d 283, 284 (Tex.App.—Houston [14th Dist.] 1997), *vacated,* 962 S.W.2d 600 (Tex.Crim.App.1998), and in *Ledford v. State,* 1997 WL 109948, *1 (Tex.App.—

Houston [14th Dist.] 1997), *vacated,* 970 S.W.2d 17 (Tex.Crim.App.1998). Its judgments met the same fate before the court of criminal appeals as ours.

arrangement to pay the remainder, are all insufficient to constitute "punishment" for jeopardy purposes. *Id.* at 628–32. In each case, the court explained, the person assessed the tax has not necessarily suffered any actual loss or divestiture of property. *Id.* "[A]bsent full payment of the tax or a pay arrangement with the comptroller's office for the remaining amount due, there is no 'punishment' for purposes of the Double Jeopardy Clause's prohibition against multiple punishments." *Id.* at 632.

 In the present case, Rocha was assessed a drug tax in the amount of $22,-759.80. He testified that a lien had been placed on his trust account, and that he believed the lien pertained to his drug possession charges. He further testified he believed that the State collected at least some of the tax owed, because the money in his account had "gotten down like twenty thousand." The State contended that it was questionable whether the tax had been paid. At the hearing on Rocha's motion to dismiss, the following exchange took place between the prosecutor and the judge:

> State: Here the State contends it is questionable whether or not there was ever a payment on this case. According to Mr. Rocha, from what he reads, he doesn't have that money available, but it's not clear. We don't have the trust officer here to tell us whether or not that money has actually been paid. We submit it has not been paid.
>
> Court: Whether it's been paid?
>
> State: Yes, Your Honor.
>
> Court: *Whether it's been paid or not in the opinion of this court is immaterial. They have a lien on his trust fund and he said that they have been deducting from the amount of that fund.*
>
> State: Well, Your Honor—
>
> Court: It's no longer available to him, so it's available to the State to take it any time they want to take it.
>
> State: Your Honor, interestingly enough I did speak with the Comptroller's office earlier this week and I spoke with Isaiah Cardenas ... in the State Comptroller's office. The State can if we so choose

withdraw that lien, the money's not been collected from our personal knowledge—

> Court: Well, the State's got a lien on it, so he can't use it. (emphasis added).

 Under the court of criminal appeals' holding in *Ward,* neither assessment of the tax on controlled substances, imposition of a tax lien, or "partial payment" of the tax constitute punishment for purposes of the prohibition against successive punishments. We conclude the trial court erred insofar as it may have concluded that notice of the tax constituted a punishment and insofar as it believed it was "immaterial" whether the tax was paid. We sustain the State's first and third points of error, and in light of our disposition, need not address the State's remaining point. TEX.R.APP.P. 47.1.

We REVERSE the trial court's dismissal of the indictment against Rocha for possession and REMAND this cause to the trial court for further proceedings consistent with *Ward* and this opinion.